## VIERLING *v*. THE STATE.

APPEAL.—*Recognizance.—Justice of the Peace.*—A defendant in a prosecution before a justice of the peace for retailing intoxicating liquor without a license was fined, and within the time allowed by law appealed to the court of common pleas. Instead of entering into a recognizance in the form precribed by statute in such cases, he gave an appeal bond, conditioned as follows: "Now if the said" A. B. "shall prosecute his said appeal to effect and pay the judgment that shall be rendered against him on said appeal in said common pleas court then his bond shall be void." On motion of the prosecuting attorney, the case was stricken from the docket, over the defendant's objection.

*Held*, that said bond was a substantial compliance with the law, and that the court erred in striking the case from the docket.

APPEAL from the Gibson Common Pleas.

GREGORY, C. J.—Vierling was prosecuted before a justice of the peace, for retailing intoxicating liquors without a license. He was fined. Within the time allowed by law he appealed to the court below. Instead of entering into a recognizance in form, as required by the act prescribing the powers and duties of justices of the peace in State prosecutions (2 G. & H. 638, secs. 10, 11), he gave an appeal bond, conditioned as follows: "Now if the said Vierling shall prosecute his said appeal to effect, and pay the judgment that shall be rendered against him, on said appeal in said common pleas court, then this bond shall be void." The case was, on motion of the prosecuting attorney, stricken from the docket. The defendant excepted, and appeals to this court.

In favor of the action of the court below, it is claimed, that the appellant could only appeal from the judgment of the justice by entering into the recognizance required by the statute. On the other hand, it is urged, that the bond given was a substantial compliance with the law. The statute only requires that the recognizance shall be substantially in the form given. The form given is this: "We, A.

B.—— and C. D.——, severally acknowledge ourselves bound to the State of Indiana, in the sum of —— dollars each, if the said A. B.—— shall not appear at the first day of the next term of (here specify the court), to answer a charge of (here state the offense), at the county of —— and State of Indiana, and abide the judgment of such court."

All defects in form or substance in recognizances are cured by statute, and in actions on defective obligations of the kind, a suggestion in the complaint of such defect will entitle the plaintiff to recover to the same extent as if such recognizances were perfect in all respects. 2 G. & H. 333, sec. 790.

But notwithstanding this curative statute, it is the un-doubted right of an appellee to insist on and have substan-tially such an obligation as the law requires.

We think the bond given in the case at bar was a sub-stantial compliance with the law. Precisely the same ap-pearance was necessary under the condition to "prosecute his said appeal to effect," as is required by the recognizance.

A criminal case cannot be tried in the absence of the de-fendant, unless in cases where the punishment is a simple fine; and then only on the conditions imposed by the stat-ute, alike applying to cases where the defendant is under a recognizance and where he is not. 2 G. & H. 413 sec. 95. The condition of the bond, to "pay the judgment that shall be rendered against him," is substantially the same as that of the recognizance to "abide the judgment of such court."

The bond in question is substantially a recognizance.

A recognizance at common law is defined to be "an ob-ligation of record, entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by law, which is therein specified." 2 Bou-vier's Law Dic. 423.

The court below erred in striking the case from the docket.

Judgment reversed; cause remanded, with directions to

overrule the motion to strike the case from the docket, and for further proceedings.

A. C. *Donald* and C. A. *Buskirk*, for appellant.

D. E. *Williamson*, Attorney General, M. W. *Pearse*, and W. M. *Land*, for the State.