ROWIN IRWIN AND OTHERS, PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** RECOGNIZANCE. A recognizance proper should not be signed, but when it is properly taken and certified the signatures of the recognizors may be treated as surplusage and the instrument held valid.

2. ———: ———. I. and others entered into a recognizance, signed by the parties before M., for the appearance of I. before the district court of Johnson county on the eighth day of October, 1879. The recognizance was stated to be in the sum of "three hundred," and was certified by M. as J. P. *Held,* That the signatures did not vitiate the instrument, but that the failure to designate the denomination of the debt, and the official character of the officer certifying the recognizance, rendered the same void.

ERROR to the district court for Johnson county. Tried below before WEAVER, J.

*Appleget & Son* and *Davidson & Easterday*, for plaintiffs in error.

*C. J. Dilworth, Attorney General*, and *Amos E. Gantt*, for defendant in error.

MAXWELL, CH. J.

An action was brought in the district court of Johnson county upon a recognizance, of which the following is a copy:

"The State of Nebraska, }
    Johnson county. }

"Be it remembered that on the seventeenth day of September, 1879, Rowin Irwin, of Johnson county and state of Nebraska, and Isaac Irwin and Timothy Hesket, of Johnson county and state aforesaid, appeared personally before the undersigned, in and for the county of Johnson, and jointly and severally acknowledged themselves to be indebted to the state of Nebraska in the sum of three hundred, to be made and levied of their respective goods, chattels, lands, and tenements, to be void, however, if the said Rowin Irwin, who has been committed to the common jail of Johnson county, Nebraska, shall personally be and appear before the district court on the eighth day of October, 1879, at 10 o'clock A.M. of said day, to answer a charge preferred against him for the crime of assault with intent to kill, and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave.

"Witness our hands this seventeenth day of September, 1879.

"ROWIN IRWIN,
"ISAAC IRWIN,
"TIMOTHY HESKET.

" Taken, subscribed, and acknowledged the day first above written.

"R. W. McKee, J. P."

The defendants demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was overruled, and judgment was rendered on the recognizance against the defendants in the court below, who now bring the cause into this court by petition in error.

A recognizance is said to be "an obligation of record, which a man enters into before some court of record or magistrate duly authorized, with condition to do some particular act—as to appear at the assizes, to keep the peace, to pay a debt, or the like. It is in most respects like another bond, the difference being chiefly this, that the bond is the creation of a fresh debt or obligation *de novo;* the recognizance is an acknowledgment of a former debt upon record, the form whereof is: "That A. B. doth acknowledge to owe our lord the king, to the plaintiff, to C. D., or the like, the sum of ten pounds," which condition to be void on performance of the thing stipulated * * This being either certified to or taken by the officer of some court, is witnessed only by the record of that court, and not by the party's seal." 2 Blackstone Com., 341.

In the case of *The State v. West,* 3 Ohio State, 515, an instrument purporting to be a recognizance concluded as follows: "In testimony whereof we have hereunto set our hands and seals this twentieth day of April, A.D. 1850.

"John M. West,   [L.S.]
"S. J. McClure,   [L.S.]
"D. West.   [L.S.]

"Attested and approved:

"John A. Lazelle, Associate Judge."

A recognizance in proper form was afterwards taken, which it was claimed was invalid for want of power in the judge to take a second recognizance. The court say : " Was the supposed recognizance in the declaration invalid by reason of the taking of the acknowledgment, bond, or obligation, signed and sealed by these defendants, and filed with the clerk as a recognizance ? In other words, was the first writing a valid recognizance ? And did the powers of the judge exhaust themselves when he ' attested and approved ' it ? We think not. The first was not a recognizance ; it was a mere bond, such as the judge had no power to take. All his authority to take bail is expressed by a provision of law, in which he is empowered ' to admit such person to bail by recognizing such person,' etc. The paper which he (the judge) is to sign is a recognizance which, when it comes before the court of which he is a member, becomes completely what its name imports—an acknowledgment of record. All its solemnity and authenticity depend upon his own certificate that the acknowledgment it sets forth was made openly before him by the parties in person. No parol proof can vary, enlarge, or explain it. Having a high legal character, it must be so framed as to be certain, and must show itself to have all the qualities which warrant courts in acting on it as a record not to be contradicted. No such loose words as ' attested and approved ' can give it these characteristics. * *
* The first paper, then, was not a valid recognizance —and we have seen, if it was a mere bond, the judge could not take it, and it was a nullity."

In 1 Chitty Crim. Law, page 90, it is said " a recognizance is an obligation of record, entered into before a magistrate duly authorized for that purpose, with conditions to appear at the sessions or assizes. The party need not sign this recognizance, but the record is af-

terwards made out on parchment, and subscribed by the justice before whom it is taken."

In the case of *Madison v. The Commonwealth*, 2 A. K. Marshall, 131, it is said " the signature of the appellants is no part of the recognizance; it is merely surplusage; it cannot vitiate."

In the case of *The Commonwealth v. Emery*, 2 Binney, 434, it is said " the manner of taking a recognizance is, that the magistrate repeats to the recognizors the obligation into which they are to enter, and the condition of it at large, and asks them if they are content. He makes a short memorandum, which it is not necessary that they should sign, although a custom has lately taken place in this city for the recognizors to sign their names. From this short minute the magistrate may afterwards draw up the recognizance in full form and certify it to the court. This is the most regular and proper way of proceeding."

A recognizance proper is not signed. But where it is, and duly certified by the officer before whom it is taken as having been taken and acknowledged before him, the signatures of the obligors may be treated as surplusage and the recognizance held valid.

It must appear, however, that the officer before whom it was taken was authorized by law to take the same by stating his official character. In the case at bar it said that the defendants in the court below " appeared personally before the undersigned in and for the county of Johnson and jointly and severally acknowledged themselves to be indebted to the state of Nebraska in the sum of three hundred, to be made and levied," etc. Had the party before whom the recognizance was taken authority to take the same? If so, it nowhere appears in the record. The initials " J. P." appear after the name of R. W. McKee, but are not sufficient of themselves to indicate that McKee was a

justice of the peace. Neither is there any allegation in the petition that such is the case. The recognizance is also defective in not stating the amount of the debt. The defendants acknowledge themselves indebted in the sum of " three hundred." There is no designation of the denomination of the debt, and we cannot presume it to have been dollars. For these defects the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.