JOHN KING, PLAINTIFF IN ERROR, V. STATE OF NE-
BRASKA, DEFENDANT IN ERROR.

1.  A Recognizance for the appearance of a person charged with an offense is an obligation of record, and becomes such when taken and filed in the court to which it is returnable.

2.  ———. By the provisions of the Criminal Code a recognizance taken by a justice of the peace acting as an examining magistrate becomes an obligation of record when returned by the justice of the peace to the clerk of the district court, and is by him entered of record as required by section 383 of the Criminal Code.

3.  ———. A recognizance proper, unless when taken out of court, should not be signed; but when it is properly taken and certified the signatures of the recognizors may be treated as surplusage and the instrument held valid. *Irwin v. The State*, 10 Neb., 325.

4.  ———. The Criminal Code does not require a recognizance taken by a justice of the peace when sitting as an examining magistrate to be entered upon his docket.

5.  ———. Where a person was charged with the commission of an offense, and upon being held to bail by the examining magistrate, entered into a recognizance with sureties for his appearance at the next term of the district court, and subsequently left the state, and committed a crime in another state where he was arrested and imprisoned, and thus by his own voluntary act rendered it out of his power to appear in this state to answer to the crime with which he was charged; *Held*, That these facts would constitute no defense to an action against his sureties upon his recognizance.

6.  ———. Where a recognizance was given for the appearance of a defendant to answer a "charge against him for larceny," *Held*, That the fact that the complaint was defective could not be asserted as a defense to an action upon such recognizance after forfeiture.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Crites & Ramsey*, for plaintiff in error.

*J. B. Strode, District Attorney*, for defendant in error.

REESE, J.

This action was brought in the district court of Cass county upon the following instrument:

"THE STATE OF NEBRASKA, |
"....................COUNTY.  } ss.

" Be it remembered, that on the 27th day of December, A.D. 1882, Wm. Greek and John King personally appeared before me, G. C. Cleghorn, one of the justices of the peace within and for the said county of Cass, and jointly and severally acknowledged themselves to owe the state of Nebraska the sum of two hundred and fifty dollars, to be levied of their goods, chattels, lands, and tenements, if default be made in the following condition, to-wit:

" The condition of this recognizance is such that if the above bounden William Greek shall personally be and appear before the district court of second judicial district of Nebraska, held within and for the county of Cass, on the first day of the term thereof next to be holden in and for the county aforesaid, then and there to answer a charge of grand larceny and abide the judgment of the court, and not depart without leave, then this recognizance shall be void; otherwise it shall be and remain in full force and virtue in law.

" WM. GREEK,
" JOHN KING.

" Taken and acknowledged before me on the day and year first above written.

" G. C. CLEGHORN,
"*Justice of the Peace.*"

The indorsements upon the back of the instrument are as follows:

"BAIL BOND.

"The State of Nebraska
      v.
   "Wm. Greek.

"Filed this 27th of December, 1882,
                    "G. C. CLEGHORN,
                           "*Justice of the Peace.*

"I hereby certify on oath that I am worth over and above all debts and incumbrances and exemptions $250.
                                    "JOHN KING.

"Subscribed and sworn to before me this 27th day of December, A.D. 1882.
                    "G. C. CLEGHORN, *J. P.*"

Upon the trial all the signatures to and endorsements upon this instrument were admitted to be genuine, but plaintiff in error objected to its introduction in evidence, and assigned the following grounds of objection (quoting from the record):

"It is a bond and not a recognizance. It is not a record, of any court. It is not entered on the docket of said justice of the peace. It is a loose piece of paper which was not entered on the said docket. It has never been certified to this court by said justice. It has never been entered on the appearance docket of this court with the date and amount thereof and the names of the sureties. That there is no such record. That the same is incompetent evidence."

These objections were overruled, and upon the exceptions of plaintiff in error being entered, he prosecutes error in this court, assigning said ruling for error.

The testimony shows that a criminal charge was made against the principal, Greek, and upon his being held to answer to the action of the next grand jury by the justice he, with his surety, King, plaintiff in error, entered into the obligation above quoted. It is also shown that a tran-

script of the docket of the justice of the peace was prop-
erly certified to the district court accompanied by the com-
plaint, warrant, and recognizance, and the proper entries
made upon the district court records, including the appear-
ance docket.

The principal question here presented is, whether the in-
strument declared on is or is not a recognizance, and
whether it has any binding force, it being taken upon a
separate piece of paper by the justice and not copied into
his docket, a simple recital being made therein showing
the fact of the taking of the recognizance with the names
of the surety. This question is an important one, for if it
is not a valid recognizance the effect of so holding would
be to render void nearly if not quite all of the recogni-
zances taken by the inferior courts of the state, as it has
been to some extent the practice, so far as we know, to use
the blank and form used in this case. But while this is
true, it is equally true that the judgment of the district
court should not be upheld on that ground alone. There-
fore, if the instrument sued on is not a recognizance under
the statutes of this state and the decisions of the courts of
the country, it is the duty of this court to so declare.

From a careful examination of the question here pre-
sented, we are led to the conclusion that the writing sued
on is such a recognizance as is contemplated by our statute,
and as such is valid. We do not hold that one taken in
the form contended for by plaintiff in error would be
void, but, upon the contrary, we think it would be good;
but that question is not before us.

In Chitty's Criminal Law, 90, it is said: "A recogni-
zance is an obligation of record entered into before a mag-
istrate duly authorized for that purpose, with condition to
appear at the sessions or assizes. The party need not sign
this recognizance, but the record is afterwards made out on
parchment, and is subscribed by the justice before whom it
is taken."

Blackstone defines a recognizance to be, "An obligation of record entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by law, which is therein specified." 2d Black. Com., 341. See also 2 Bouv. Law Dic. (Recognizance).

In *State v. Crippen,* 1 O. S., 401, Bartley, Judge, says: "A recognizance is an obligation of record entered into before some court of record or magistrate duly authorized, conditioned for the performance of some particular act. It is equal in solemnity to and in some respects, at common law, takes priority over an ordinary bond. A recognizance differs from a bond in this: That while the latter, which is attested by the signature and seal of the obligor, creates a fresh or new obligation, the former is an acknowledgment of record of an already existing debt. * * * To be a recognizance it is essential not only that the instrument be in writing, but also that it be a matter of record."

It then becomes necessary to inquire whether the recognizance in this case is of record. We are unable to find anything in the statutes of this state requiring a justice of the peace to enter a recognizance upon his docket. If such a provision does not exist then we should be content with the law as it is, as we have no authority to inject into a statute words which the law maker has omitted and which are not "understood" or clearly implied by the law. *State, ex rel. McBride, v. Long,* 17 Neb., 502.

Turning our attention to the statutes of this state upon the matter of recognizances, we find by reference to the law of examinations before magistrates the following provisions:

Section 298 of the Criminal Code provides in substance that, when for any reason it shall become necessary to adjourn a trial to another day, "the person accused may enter into a recognizance before the magistrate with good and sufficient security, to be approved by the magistrate, in

such amount as he shall deem reasonable, conditioned for the appearance of such person before such magistrate at a place and day and hour in said recognizance specified," etc.

By sec. 299, it is provided that, "If any person recognized agreeably to the last preceding section shall fail to appear at the time appointed, or shall otherwise fail to comply with the conditions of the recognizance, the magistrate shall declare the same forfeited, and transmit a transcript of his proceedings, together with the recognizance, to the clerk of the proper court," etc.

Another fundamental rule for the construction of statutes may be here invoked, and that is, in such construction all words and phrases should be given some use and meaning, if possible, consistent with the purposes of the act. This being true, we might well pause here and ask what meaning can be given to the words, "together with the recognizance," in the foregoing section, if the recognizance must be entered upon the docket of the justice? If it is entered upon the docket it would be included in the transcript sent to the clerk, and there would be no recognizance to send along.

Sec. 303 provides, if the magistrate finds that "an offense has been committed and there is probable cause to believe the prisoner guilty, the magistrate shall bind by recognizance such witnesses against the prisoner as he shall deem necessary, to appear and testify before the court having cognizance of the case.

Sec. 307 provides that, "If an offense for which the prisoner is held to answer be bailable, and the prisoner offers sufficient bail, a recognizance shall be taken for his appearance to answer the charge before the court in which the same is cognizable," etc.

Sec. 306 is as follows: "It shall be the duty of every magistrate in criminal proceedings to keep a docket thereof as in civil cases. All recognizances taken under this title, together with a transcript of the proceedings where the

defendant is held to answer, shall be certified and returned forthwith to the clerk of the court at which the prisoner is to appear.   The transcript shall contain an accurate bill of all the costs that have accrued and the items composing the same."

This section is directly applicable to the case at bar. By it we find not only that recognizances are not required to be written in the docket, but it is fairly implied that they shall not be.   "All recognizances taken under this title, together with transcript of the proceedings (which evidently means a transcript of the docket)   *   *   *   shall be certified and returned," etc.   Nothing can be plainer than that the transcript and the recognizance are contemplated here as in section 299 above referred to, as separate and distinct instruments.

As the word "recognizance," as used in the Criminal Code, must have substantially the same meaning wherever used, some additional light may be had by reference to its use in other parts of the code.

Sec. 324 provides for appeals to be taken by a defendant from a judgment of conviction rendered by a magistrate, and in this section the following occurs: "No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the state of Nebraska in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him.   The magistrate from whose judgment the appeal is taken shall make return of the proceedings had before him, and shall certify the complaint and warrant, together with all recognizances, to the said district court on or before the first day of the next term thereof," etc.

This section, like those heretofore examined, clearly im-

plies a recognizance separate and distinct from the transcript of the proceedings as shown by the docket.

Sec. 383, which provides for the filing and record of recognizances, is as follows: "Whenever a transcript or recognizance shall be returned to the clerk it shall be his duty to enter the same upon the appearance docket of the court, together with the date of the filing of the transcript and recognizance, the date and amount of the recognizance, the names of the sureties, and the costs; whereupon the same shall be considered as of record in such court, and proceeded on by process issuing out of said court in the same manner as if such recognizance had been entered into before such court; and when any court having cognizance of a crime shall take a recognizance it shall be a sufficient record thereof on the journal of such court to enter upon the journal the title of the cause, the crime charged, the name of the party, and his sureties thereto, the amount of such recognizance, and the time therein required for the appearance of the accused; and the same shall be considered as of record in such court, but in making up the complete record in any case where one is required to be made, all recognizances, whether returned to or taken in such court, shall be recorded in full if required by the prosecuting attorney or the accused."

We have copied this section at length for two purposes, one of which we will notice hereafter; the other is to show that here as elsewhere the law-maker has kept up the distinction between the transcript and the recognizance. We find no warrant anywhere for saying that the recognizance when taken by a justice of the peace must be entered on his docket.

The recognizance in this case complies with the requirements of the common law without reference to our statutes. Suppose no signatures were appended to it we have every element of the common law recognizance. It has been held by this court that the signatures of the parties ac-

King v. State.

knowledging it cannot affect its validity. *Irwin v. The State*, 10 Neb., 329. We then have the certificate of the magistrate that the parties to it personally appeared before him and severally acknowledged themselves to owe the State of Nebraska the sum specified, to be levied of their goods, chattels, lands, and tenements, if default be made in the conditions named.

By some writers it is said that a recognizance differs from a bond in this: That while the latter, which is attested by the signature and seal of the obligors, creates a fresh or new obligation, the former is an acknowledgment on record of an already pre-existing debt. This formality is observed in the recognizance in the case at bar. They acknowledge that they owe, etc., thereby acknowledging a pre-existing debt. The instrument possesses all the requirements of the oldest and most technical common law recognizance, providing it is found to be an obligation of record.

Upon this branch of the case it becomes material to inquire what is meant by the words, "of record." We think this phrase had its origin in the customs of times somewhat ancient, when such recognizances were taken in what were termed courts of record, that is, having a seal; and that such recognizances being entered and recorded in these courts, they were said to be obligations of record; but it has been so modified and changed by statutes as to allow inferior tribunals to take recognizances, not as courts of record, but as magistrates, and when so taken and certified to the clerk of a court of record, and by him recorded, they become "of record" in this technical sense, and that is one of the purposes of section 383 of the Criminal Code, above quoted: "Whereupon the same shall be considered as of record in such court." This language is twice used in the section, evidently for the purpose of showing that where the recognizances were filed, recorded, etc., as required, they should be "of record" within the definitions above referred to.

Again, no objection is made to the form of this recogni-
zance.    It sufficiently appears "at what court the party
*    *    *    *    was bound to appear, and the court or
officer before whom it was taken was authorized by law to
require and take such recognizances." This, by section
388 of the Criminal Code, is all that is required, and it
should be sufficient.

In *People v. Kane*, 4 Denio, 535, Beardsley, Judge, in
writing the opinion, says: "The definition of a recognizance
would seem to import that it is necessarily of record as
soon as entered into, but strictly speaking this is incorrect,
for a recognizance is not a record until duly enrolled and
filed. This rule is universal, for no proceeding can be re-
garded as matter of record before it has been enrolled and
filed in a court of record." Again he says: "And the
same principle applies to recognizances taken by a court or
magistrate for the appearance of a party charged with a
criminal offense. The recognizance, although complete, is
not in strictness a record until made out in form and filed
with a court of record."

In *People v. Van Eps*, 4 Wend., 393, the action was
upon a recognizance taken before the first judge of the
common pleas court for the appearance of the recognizor at
the next court of oyer and terminer. In discussing the
subject of recognizances, Judge Sutherland, in writing the
opinion of the court, said: "It does not, strictly speaking,
become a recognizance or debt of record until it is filed or
recorded in the court in which it is returnable." See also
*State v. Walker*, 56 N. H., 176.

*The People v. Huggins*, 10 Wend., 464, was an action
upon a recognizance taken before two justices of the peace
for the appearance of the recognizor at the next court
of general sessions of the county. Judge Sutherland, in
writing the opinion, says: "It is undoubtedly necessary
that it should appear that the recognizance was filed or
made a record of in the court to which it is returnable."

The case of *Bridge v. Ford*, 4 Mass., 641, was an action on a recognizance taken before a justice of the peace, conditioned for the prosecution of an appeal to the court of common pleas. Chief Justice Parsons, in writing the opinion, says: "A recognizance does not appear to have been delivered to and entered of record in the common pleas. Debt as well as *scire facias* will lie on a recognizance to a party, but this recognizance must be matter of record and in debt upon it, the defendant may plead *nul tiel record*. Whenever, therefore, a justice recognizes a party to appear at any court of record, it his duty to transmit the recognizance to that court that it may be entered of record."

*The State v. Smith*, 2 Green, 62, was a *scire facias* upon a recognizance entered into before a justice of the peace for the appearance of the recognizor at the court of common pleas. It was held that it must appear that the recognizance had been legally taken and "returned to the court where the party recognizing is bound to appear, and such proceedings of that court as form the basis of the suit."

*Commonwealth v. Emery*, 2 Binney, 431, was an action upon a recognizance taken before an alderman of Philadelphia upon a separate piece of paper, in the following form:

"Commonwealth
v.
"Stephen Austin
and Eliza Burns.

*Sur* charge, founded on oath of of George Reinholdt, that they have entered into a conspiracy with the intention of extorting money from him, etc.

"Stephen Austin
in 2,000 drs.
"Samuel Emery
in 2,000 drs.

On condition that Stephen Austin be and appear at the next mayor's court to answer.

"3 Nov., 1807.,
"(Signed)    S. AUSTIN.
"SAM'L EMERY."

This was introduced in evidence upon the trial, and objected to for the reason that "it was not a recognizance, but only a loose note, by which it did not appear that the defendant was bound to the commonwealth or bound at all, and that it was not signed by the alderman." Chief Justice Tilghman, in writing the opinion, said: "I should not be for confirming any illegal practices of justices of the peace, or any practice not expressly sanctioned by law which might be attended with dangerous consequences; but I see nothing illegal or dangerous in their practice of taking and certifying recognizances by short minutes, or in permitting those minutes to be given in evidence to juries as often as questions arise on the recognizances. Whether they contain sufficient substance will always be open to inquiry. I think the papers offered in evidence do substantially support the issue joined on the part of the commonwealth," etc.

This minute, it will be observed, was taken upon a separate piece of paper, signed by the recognizor, certified, and returned to the court of record as in the case at bar.

*Lawton v. The State*, 5 Texas, 270, was an action upon a bond taken as a recognizance. As it was made payable to the governor of the state instead of to the state, it was held void for that reason, but it was decided that "a bond taken by an officer of the court by authority of law and required to be returned into court, when so taken and placed upon the files of the court as an obligation of record, is in effect a recognizance, and will support the *scire facias*." It is said, in the opinion by Judge Wheeler, that "it has the force and effect of an obligation entered into before a court of record."

*Kearns v. The State*, 3 Blackf., 334, was an action upon a recognizance taken by the sheriff. It was signed by the conusor and his surety. On the trial it was contended, as in this case, that the obligation was a penal bond and not a recognizance. Judge Blackford, in the opinion, says:

" The obligation before us is in a certain penal sum condi-
tioned for Kearn's appearance at court.   The only objec-
tion against its being a recognizance is, that it is signed and
sealed by the party.   We do not conceive that the signa-
ture and seal can of themselves prevent this instrument
from being a recognizance.   To determine its character we
have only to inquire whether it has been duly acknowledged
before the proper officer.   The sheriff, who is authorized
to take the recognizance, certifies on the face of the obliga-
tion that it was signed and sealed in his presence and ap-
proved by him.   This certificate settles the question.   The
obligation was duly acknowledged before the proper officer,
and it cannot be a substantial objection to its character as
a recognizance that the acknowledgment was made under
the hand and seal of the party instead of being only ver-
bally made.   The instrument was in substance a valid re-
cognizance."

*Vierling v. The State,* 33 Ind., 218, was where a defend-
ant, who had been convicted of a misdemeanor before a jus-
tice of the peace, appealed from the judgment of conviction
to the common pleas court; instead of entering into a re-
cognizance in form as required by the statutes of that state
he gave an appeal bond.   In the common pleas court the
prosecution, for that reason, moved to strike the case from
the docket.   The motion was sustained and the defendant
appealed to the supreme court.   It was held that the bond
was a substantial compliance with the law, and that the
common pleas court erred in striking the case from the
docket.

*The State v. Grippin,* 1 O. S., 399, cited by plaintiff in
error, was a case where the clerk of the common pleas
court, instead of taking a recognizance as required by law,
made a memorandum upon a loose sheet of paper as fol-
lows :

| | |
|---|---|
| The State of Ohio<br>v.<br>Edwin Harvey, | Indictment for passing counterfeit coin. Defendant's recognizance in $500, with Stephen Griffin and Thomas Harvey as sureties, conditioned for the appearance of defendant at the next term of this court to answer the above indictment. Done in open court, September 20, 1850.<br>G. S. TOMBLIN,<br>*Deputy Clerk.* |

This was held not to be a recognizance either in form or in substance, and we think correctly. Chief Justice Bentley, in writing the opinion of the court, says : " To be a recognizance it is essential not only that the instrument be in writing, but also that it be a matter of record. If not actually entered upon the journal or record books, it must be upon the files of the court. * * * What does the writing offered in evidence on behalf of the plaintiffs in this case as a recognizance amount to ? It is a brief memorandum of the clerk relating to the subject matter of a recognizance. It contains neither the form or substance of a recognizance in itself; neither the name of the cognizee nor any acknowledgment of any obligation, promise, or undertaking on the part of the cognizors is set out. Upon the principle, therefore, that a recognizance must contain and express in the body of it the material parts of the obligation and the condition, this paper can have no validity as a recognizance."

In *The State v. Dailey*, 14 Ohio, 91, the only questions involved were as to the effect of certain pleas presented by the defendants in an action on a recognizance taken by a justice of the peace for the appearance of the defendant at the common pleas court. The only question discussed which we think could have had any bearing upon this case is as to the conclusiveness of the recognizance. Chief Justice Wood, in writing the opinion of the court, uses the

following language: " If it be said the recognizance is the ministerial act of the justice only and not of record, the answer is, the statute requires it to be returned to the clerk of the common pleas. A memorandum of it, made *to be considered as record in that court* and sued by *process out of that court*, in the same manner as if taken then, and it therefore becomes a record in that court." (The italics are his.)

In this connection it might be proper to notice that the forms and precedents for recognizances given by Judge Swan in his excellent treatise on Practice in Justices Courts in Ohio, on page 882, *et seq.*, clearly contemplate that it shall be substantially as the one in this case (except the signatures), and there is no hint anywhere that it should be entered in the docket of the justice. Upon the contrary the form of the docket entry given, page 885, shows very clearly that he understood it to be unnecessary, the recital simply being: " I therefore order him to enter into recognizance in the sum of ......... dollars for his appearance at court, which was done," etc.

We therefore conclude that the Ohio case cited does not support the conclusion of plaintiff in error, but in the main supports the views here expressed.

As giving some information as to the practice in Ohio of justices of the peace, we observe in Wilson's Ohio Criminal Law, at page 326, the form to be adopted where a recognizance to appear on a day to which the examination is adjourned is forfeited: " The same to be written on the back of the recognizance, and a minute made of it upon the docket." The Ohio Criminal Code being similar to ours, this may be considered as indicating the practice in that state.

We therefore conclude that the recognizance declared on in this case is such an one as is contemplated by the Criminal Code of Nebraska, and that it is a valid recognizance. It follows, therefore, that the court did not err in overruling the objection to the admission of the recognizance in evidence.

It is next insisted that the surety was exonerated by operation of law by the imprisonment of Greek on a charge of felony in the state of Arkansas. The answer alleges and the proof tends to show that after the execution of the recognizance Greek went to the state of Arkansas, was there arrested upon a charge similar to the one for the commission of which he was arrested in this state, and upon trial was convicted and sentenced to the penitentiary, he being under arrest at the time of the forfeiture of the recognizance mentioned in the petition of the defendant in error. If the fact is as alleged and claimed by plaintiff in error, it is clear that the commission of the crime for which he was arrested in Arkansas was subsequent to the execution of the recognizance, and was of course the voluntary act of the accused.

It is not deemed necessary to enter into a discussion of the cases cited by plaintiff in error by which under certain instances it has been held that the surety was discharged. It is sufficient to say that it is no bar to a prosecution of this kind, and it cannot be plead as a defense, that the accused voluntarily left the state, violated the laws of the state to which he went, and for such violation was imprisoned. *State v. Scott*, 20 Iowa, 63. *Hartington v. Dennie*, 13 Mass., 92. *Taylor v. Taintor*, 16 Wal., 366.

It is insisted that the complaint upon which the warrant was issued under which Greek was arrested was defective and charged no offense, and that the order of the justice of the peace holding Greek for his appearance at the next term of court did not comply with the statutes, he failing to find that there was probable cause for believing Greek guilty of the crime charged. As to the first question, although the complaint was informal and inartistically drawn, yet it sufficiently charges the commission of an offense; but whether it does or not cannot be inquired into in this proceeding.

In *United States v. Evans et al.*, 2 Federal Reporter,

147, it was held that a fatal defect of an indictment was no defense to an action upon a recognizance given to answer a charge. The court says : " He was bound to appear to answer the charge, whether upon this indictment or some other indictment or information to be preferred against him. His appearance at court was the thing to be secured, and the further condition was that he should continue in attendance until discharged by the court. He cannot abscond, forfeit his bond, and on the *scire facias* try collaterally the merits of the case upon the sufficiency of the indictment or other matter of defense. The defendant and his sureties would by such practice be allowed to judge of the propriety and utility of his appearance, which cannot be permitted."

The same may be said as to the second proposition. By reference to the transcript of the justice, introduced in evidence, we find after the introduction of the testimony the following recital : " On consideration whereof I find that there is probable cause to believe that Adam Ingram committed the offense charged in the complaint, and that William Greek was knowing to the fact, or partially implicated therein. Adam Ingram is therefore required by me to enter into recognizance of good and sufficient surety in the sum of $500, and William Greek in the sum of $250, for their appearance before the district court of Cass county on the first day of the next term thereof, to answer said complaint. Whereupon Adam Ingram entered into a recognizance of $500 with James Ingram as surety, who is approved by me, and William Greek entered into recognizance of $250 with John King as surety, who is approved by me upon his oath thereto as to his property liability."

This is sufficient when collaterally assailed.

It follows that the decision of the district court is correct, and the same is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.