FRANK E. SHUPE v. STATE OF NEBRASKA.

FILED MAY 15, 1894. No. 4972.

1. A recognizance for an appeal in a criminal case is not required to be signed by the defendant and his sureties; but if so signed, it is not for that reason alone invalid. If otherwise properly taken and certified, the signatures of the recognizors may be disregarded as surplusage.

2. Criminal Law: SUFFICIENCY OF RECOGNIZANCE FOR APPEAL. A recognizance executed under section 324 of the Criminal Code, for the purpose of prosecuting an appeal by one who has been convicted of a misdemeanor, conditioned that he "shall be and personally appear at the next term of the district court in and for Saunders county, on the first day of the term thereof, and abide the judgment of the court, and not depart the court without leave, then this recognizance to be void, otherwise to remain in full force and effect," sufficiently complies with the requirements of the statute and is a binding obligation.

3. ———: ———. Under section 388 of the Criminal Code a recognizance is not invalidated by reason of defects in the form thereof, if it appear from the tenor of the recognizance at what court the

party was bound to appear and that the court or officer before whom it was taken had the power to require and take such recognizance.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

The opinion contains a statement of the case.

*Pound & Burr*, for plaintiff in error:

The recognizance was entered into, filed, and approved by the justice within the time required by the statute. The fact that the recognizance was signed did not invalidate it, and it was not necessary to enter it on the docket of the justice. (*Irwin v. State*, 10 Neb., 325; *State v. Moran*, 24 Neb., 103; *Millikin v. State*, 21 O. St., 635.)

The court erred in dismissing the appeal. (*Vierling v. State*, 33 Ind., 218; *People v. Gillman*, 125 N. Y., 372; *State v. Clarkson*, 59 Mo., 149; *Casey v. Peebles*, 13 Neb., 7; *Bazzo v. Wallace*, 16 Neb., 293.)

If the recognizance taken was defective, the court should have ordered a new one to be given. (*Hosie v. Gray*, 73 Pa. St., 502; *State v. Rhodius*, 37 Tex., 165.)

A party cannot be deprived of his right of appeal through the fault or neglect of the proper officer if he has used due diligence. (*Dobson v. Dobson*, 7 Neb., 296; *Republican V. R. Co. v. McPherson*, 12 Neb., 480; *Cheney v. Buckmaster*, 29 Neb., 420.)

*George H. Hastings, Attorney General*, for the state.

NORVAL, C. J.

On the 13th day of December, 1891, plaintiff in error, having been tried and convicted of an assault and battery before a justice of a peace of Saunders county, was sentenced to pay a fine of $5 and the costs of prosecution, taxed at $60.90. On the same day the prisoner entered into before the magistrate a recognizance with surety, which

was duly approved by the justice.    The following is a copy of the same:

"STATE OF NEBRASKA, ⎫ ss.
    SAUNDERS COUNTY. ⎭

"Be it remembered, that on the 13th day of December, 1890, F. E. Shupe and C. H. Pirtle, of the county of Saunders, personally appeared before me, F. P. McCutchan, a justice of the peace in and for said county, and acknowledged themselves jointly and severally indebted to the state of Nebraska in the sum of $200, to be levied on their goods and chattels, lands and tenements, if default is made in the conditions following:

"The condition of this recognizance is such that the said F. E. Shupe shall personally be and appear at the next term of the district court in and for said Saunders county on the first day of the term thereof and abide the judgment of the court and not depart the court without leave, then this recognizance to be void, otherwise to remain in full force and effect.                    F. E. SHUPE.

                              "C. H. PIRTLE.

"Executed in my presence, and surety approved by me, this 13th day of December, 1890.

                    "F. P. McCUTCHAN,
                              "Justice of the Peace."

A transcript of the proceedings, including the recognizance, was duly lodged in the office of the clerk of the district court of the county.   Subsequently the county attorney filed a motion to dismiss the appeal, for the following reasons:

1. The appeal was not taken within twenty-four hours after the conviction.

2. That no recognizance was taken or given in the justice court.

3. The pretended recognizance is nothing more than an ordinary appeal bond, and not such a recognizance, as required by law, to entitle the defendant to an appeal.

4. The pretended appeal bond or recognizance is void, in this: that it does not show any crime of which the defendant has been convicted, or of which he is required to appear and answer.

5. That the pretended recognizance was not taken and acknowledged in open court and made a part of the record, as required by law.

The district court sustained the motion, dismissed the appeal, and taxed the costs against the plaintiff in error.

Section 324 of the Criminal Code (section 5951, Cobbey's Consolidated Statutes) provides that "the defendant shall have the right of appeal from any judgment of a magistrate imposing fine or imprisonment, or both, under this chapter, to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment. No appeal shall be granted or proceedings stayed, unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the state of Nebraska, in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him," etc. The record before us shows that the foregoing instrument was entered into before the justice by both plaintiff in error and his surety on the same day the conviction was had, which, so far as time is concerned, met the requirements of the statute A recognizance for an appeal in a criminal case is not required to be signed by either the defendant or his sureties; but if so signed, it is not for that reason alone invalid. If properly taken and certified, the signatures of the recognizors may be treated as surplusage. (*Irwin v. State*, 10 Neb., 325; *King v. State*, 18 Neb., 375.)

The only ground stated in the motion for the dismissal

of the appeal which possesses a semblance of merit is the fourth, and that is the recognizance is defective and therefore invalid, because it fails to recite the offense with which plaintiff in error is charged and with which he has been convicted, and was to answer in the district court. It was upon the ground just stated that the district court dismissed the appeal. The statute above quoted has prescribed how a recognizance for an appeal in a case like the one before us shall be conditioned; namely, "for his [defendant's] appearance at the district court of the county at the next term thereof, to answer the complaint against him." It is not indispensable, however, to the validity of a recognizance for an appeal in a criminal case that it should be conditioned in the precise language laid down in the section quoted, as a reference to section 388 of the Criminal Code will disclose. This section expressly provides that "no action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed by reason of any neglect or omission to note or record the default, nor by reason of any defect in the form of the recognizance if it sufficiently appear from the tenor thereof at what court the party or witness was bound to appear and that the court or officer before whom it was taken was authorized by law to require and take such recognizance." It is obvious that great particularity is not required, and the legislature, in enacting the foregoing section, has taken pains to provide against technical objections of the character of those which have been urged against the recognizance in this case. An undertaking of bail is binding, although the offense is not described in the recognizance, and although it is not recited that the accused shall "answer the complaint against him," if the particular case to which the undertaking is applicable is manifest, that the officer in taking it acted within the scope of the authority conferred by statute and that the defendant is thereby required to appear before the proper court. The condition

of the recognizance under consideration fully meets all these requirements, and more was not essential to the validity of the undertaking. (*Zidek v. State,* 22 S. W. Rep. [Tex.], 143; *McLaughlin v. State,* 10 Kan., 581; *Jennings v. State,* 13 Kan., 80.)

The motion to dismiss the appeal was not well taken and should have been overruled. The judgment is reversed and the cause remanded with direction to reinstate the appeal.

REVERSED AND REMANDED.