STATE EX REL. CITY OF SIDNEY, APPELLEE, V. MELVIN BRIDD, APPELLANT.

16 N. W. 2d 171

FILED OCTOBER 20, 1944. No. 31798.

*A. J. Kinnersley* and *C. M. Pierson,* for appellant.

*P. J. Heaton* and *R. P. Kepler, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

Appellant, Melvin Bridd, appeals from the order of the district court for Cheyenne county dismissing his appeal from the police court of the city of Sidney, Nebraska.

Complaint was filed against the appellant in the police court of the city of Sidney for violation of an ordinance. Upon conviction, the appellant sought to appeal his case to the district court for Cheyenne county pursuant to section 18-203, Comp. St. 1929. The following recognizance was given on said appeal:

"State of Nebraska )
"County of Cheyenne ) ss.
"City of Sidney )

"Be it remembered that on this 14th day of June, 1943, before me, William Perry, police judge of the said city of Sidney, personally appeared George W. Puckett, and Solomon Snyder, and acknowledged themselves jointly and severally indebted to the said city of Sidney, in the penal sum of One Hundred and twenty five Dollars ($125.00) to be

levied on their land and tenements, goods and chattels if default be made in the conditions following:

"The condition of this recognizance is such that if the said Melvin Bridd shall personally appear before the district court of said Cheyenne County forthwith, (if the court .be in vacation on the first day of the next term thereof), to answer the complaint filed against him by Dr. C. B. Dorwart, Health Officer, and abide the judgment of the court and not depart the court without leave, then this recognizance to be null and void, otherwise to be and remain in full force and effect.

"Taken and acknowledged before me the day and year above written,

"/S/ W. J. Perry

"Police Judge of City of Sidney, Nebraska."

The appellee, the State of Nebraska ex rel. City of Sidney, by R. P. Kepler, the county attorney, moved that the appeal be dismissed because the appellant failed and neglected to comply with the statutes of Nebraska in furnishing a recognizance. This motion was sustained by the district court for Cheyenne county for the reason that no written recognizance, as required by statute, was given and the appellant's appeal was dismissed.

The only question presented by the appeal is the sufficiency of the recognizance.

Appellee's contention that section 29-611, Comp. St. 1929, is applicable is not tenable. See *State v. Brandt*, 83 Neb. 656, 120 N. W. 196.

The appeal taken from the police court of the city of Sidney for a violation of an ordinance of said city is under section 18-203, Comp. St. 1929. This statute, as amended in 1921 (Laws 1921, ch. 219, sec. 1), provides in part as follows: " * * * but no appeal shall be allowed unless the defendant shall within ten days, thereafter, enter into a written recognizance with sufficient surety to be approved by the police magistrate in such sum as shall be fixed by him; * * * ."

A recognizance is defined by Bouvier, 3 Bouvier's Law

Dictionary (Rawle's 3d rev.) 2841, as follows: "An obligation of record, entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by law which is therein specified." See, also, 36 Words and Phrases (Perm. ed.) 513. Its object is to secure the presence of defendant to perform or suffer the judgment of the court.

We stated in *Shupe v. State,* 40 Neb. 524, 59 N. W. 100: "A recognizance for an appeal in a criminal case is not required to be signed by either the defendant or his sureties; but if so signed, it is not for that reason alone invalid. If properly taken and certified, the signature of the recognizors may be treated as surplusage." See, also, *Irwin v. State,* 10 Neb. 325, 6 N. W. 370.

However, in *Thomsen v. State,* 82 Neb. 634, 118 N. W. 330, wherein the recognizance was signed by the defendant and his surety but not acknowledged in person before the magistrate, we said: "It is essential that the defendant and his sureties should in some manner acknowledge the obligation in the presence of the court; but this may be done in writing, as well as orally, and there is no longer any doubt that an obligation like the one given in this case, executed in the presence of the court, is a recognizance within the meaning of the statute. * * * We think it essential that the recognizance, whether oral or in writing, should be entered into or acknowledged in the presence of the magistrate, and that this essential requirement cannot be dispensed with."

In the absence of statutory provision, the proper manner of taking a recognizance is that the magistrate repeat to the recognizors the obligation into which they are to enter and the conditions of it and then ask them if they are content to enter into such obligation. If they are, he then makes a memorandum thereof, which it is not necessary for them to sign. From this memorandum the magistrate afterward draws up the recognizance in full form and certifies it.

However, where the legislature expressly provides, as it

did by the 1921 amendment, that " * * * no appeal shall be allowed unless the defendant shall * * * , enter into *a written* recognizance with sufficient surety to be approved by the police magistrate * * * ," section 18-203, Comp. St. 1929, it requires that a written recognizance in the terms and on the conditions as provided by the statute, signed by the proper parties, be presented to the magistrate and in his presence acknowledged by the parties thereto in person and then certified by the magistrate. (Italics ours.)

The record disclosing that these requirements have not been met, the ruling of the lower court is affirmed.

AFFIRMED.