# Commonwealth, Appellant, *v.* James Hickey and John Boyle.

*Principal and surety—Bail bond—Acknowledgment—Evidence.*

In an action upon a bail bond where the defendant in his affidavit of defense denied having signed the paper or authorized any one to sign it for him, a mere offer of the paper without any proof of the fact of the signing or the acknowledgment is insufficient.

In an action upon a bail bond an offer to prove that defendant directed his son to sign the paper and that after this was done the bond was taken to a justice of the peace who was not present when it was signed, and that the justice certified that it was taken and subscribed before him, is incompetent. The magistrate could not legally certify that he had done an act which he had not done.

Argued Oct. 14, 1895.    Appeal, No. 89, Oct. T., 1895, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1894, No. 95, on verdict for defendants.    Before Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.    Affirmed.

Assumpsit on a bail bond.    Before Rayburn, P. J.

This was an action upon a recognizance alleged to have been taken and acknowledged before C. A. Scott, Esq., a justice of the peace, for the appearance of James Hickey to answer a criminal charge in the quarter sessions.    The affidavit of defense denied that this defendant had executed the recognizance or authorized any one to do so for him, and denied that he had been before the justice at all.    At the trial plaintiff made the following offer.

Mr. Patton : We offer the recognizance in the sum of $300, signed James Hickey, John Boyle, taken and acknowledged before C. A. Scott, justice of the peace, on the 7th day of October, 1893.

Mr. Clark : We object to that offer for the reason that is not the way to offer recognizances.    It is denied in the affidavit of defense that this recognizance was ever taken.    They must show the recognizance by the magistrate wherein the recognizance was acknowledged ; this is in the pleadings denied that it was ever our recognizance.    We object to that for that reason.

Mr. Patton : I offer in connection therewith the judgment of

the court forfeiting the recognizance in the case of the commonwealth against James Hickey, No. 1, December Sessions, 1893.

The Court: We think we will require you to show the signing and the acknowledgment.    We will give you an exception and seal a bill. [1]

When Mary Hickey was on the stand plaintiff offered to prove by the witness on the stand that she was present at the execution of the bond or recognizance on which suit is brought, and saw John Boyle direct his son to sign the name of John Boyle for him to this instrument.

Mr. Clark : We object to that as incompetent for the reason that the attesting witness, C. A. Scott, would be the best witness to prove this fact; and this witness would be wholly in-competent to prove the execution of the recognizance when it is not incorporated in the offer that the magistrate was present and took the ackowledgment.

Mr. Snyder: We offer to prove, further, that 'Squire Scott, who appears on this bond—the name of C. A. Scott who appears on this bond, was not present at its execution.

Mr. Clark: That being the case it is not a recognizance and their case must fall.

The Court: No.    We will sustain the objection and give you an exception and seal a bill. [2]

Mr. Patton : We offer to prove by the witness on the stand that she, in company with John Boyle, one of the defendants, came to the jail at Kittanning, and then and there James Hickey signed the obligation in suit; that John Boyle, the other defendant, there directed his, John Boyle's, son to sign his name to the obligation ; that Jas. Hickey did sign said obligation, and that the son of John Boyle signed it at the direction of said John Boyle ; that afterwards said obligation was taken to C. A. Scott, a justice of the peace, who signed the acknowledgment as follows : " Taken and acknowledged before me this 7th day of October, A. D. 1893, C. A. Scott, Justice of the Peace." That after said obligation was signed by said James Hickey and John Boyle, and after it was taken and acknowledged by the said C. A. Scott, the said James Hickey was released from custody and escaped and has never been arrested since.    This for the purpose of showing that John Boyle is liable on the obligation so signed.

Mr. Clark : Objected to as incompetent and irrelevant. The acknowledgment, if acknowledgment were had before any other than a magistrate, would be irregular and render the recognizance void; but it is alleged in the .pleadings in this case that the acknowledgment never was had, and it was admitted by counsel in their former offer that the justice of the peace was not present at the acknowledgment, and therefore this witness would be incompetent to prove the signature of John Boyle and his acknowledgment to this recognizance.

The Court: We will sustain the objection and give you an exception and seal a bill. (3)

The court charged as follows :

[In this case the offers of evidence on the part of the plaintiff being overruled, there is no evidence before you upon which you could find a verdict against the defendants in this case, and it would be therefore your duty to return a verdict in favor of the defendants, there being no evidence on the part of the plaintiff.] [4]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bills of exceptions; (4) charge, quoting it.

*W. D. Patton, H. N. Snyder* and *Floy C. Jones* with him, for appellant.—It was not necessary for the plaintiff to show that the bond was signed and acknowledged: Com. v. Emery, 2 Binney, 431; 20 Am. & Eng. Ency. of Law, 472; act of May 8, 1854, P. L. 678.

An inspection was all that was necessary to determine its judicial character. If there had been a plea of nul tiel record, when the recognizance was produced, there must have been a judgment in its favor: Furst v. Ayres, 2 W. N. C. 722; Clark v. McComman, 7 W. & S. 469; Coffman v. Hampton, 2 W. & S. 377 ; Withers v. Livezey, 1 W. & S. 433.

*James H. McCain, Austin Clark* and *W. J. Christy* with him, for appellees.—It will be observed that John Boyle had filed an affidavit of defense, which set forth inter alia that he had never signed the paper offered in evidence; that he had never authorized any one to sign it for him, nor had he ever been

before the justice and acknowledged it as certified to, a defense which showed that the alleged recognizance was a forgery and that some one had been guilty of the grossest fraud.   For the plaintiff to refuse to produce the justice or his docket, which alone is evidence of what was done by and before him, only gives emphasis to this defendant's affidavit.   If, as the learned counsel agree, the taking of the recognizance is a judicial act on the part of the justice, surely the best and only evidence of that judicial act is the docket of the justice.   " A recognizance is witnessed only by the record of the court and not by the parties' seal : "  2 Sharswood's Blackstone's Commentaries, 341.

In the case of Hibbs v. Blair, 14 Pa. 413, the above rule is relaxed so as to permit the transcript or certificate of the justice, properly identified and proved, to be given in evidence to show the proceedings before him.   The plaintiff in this case should have called the justice to identify and prove the paper offered, or at least to prove the transcript returned to court.

The learned court below simply required the plaintiff to show by competent evidence that the recognizance offered in evidence was taken and acknowledged, or, in other words, executed in a legal way before the proper officer.   This the plaintiff could have done, but did not do, by the justice and his docket, which was the only evidence : 20 Am. & Eng. Ency. of Law, 472.

OPINION BY MR. JUSTICE GREEN, November 4, 1895 :

This was an action upon a recognizance for the appearance of Hickey to answer a criminal charge in the quarter sessions. On the trial the plaintiff made various offers of proof to support the allegation that Boyle, the responsible defendant, had actually entered into the recognizance upon which the action was founded.   The affidavit of defense denied in the most absolute and positive terms that Boyle had ever, at any time, entered into any recognizance before C. A. Scott, Esq., who, it was alleged in the plaintiff's claim, had taken the recognizance, for the appearance of James Hickey, and denied also that he had ever authorized any one to sign his name to any such recognizance.   The affidavit further averred that such a recognizance was brought to his residence and he was asked to sign it, but that he positively refused to do so, and did not authorize any one to sign it for him.   It was further alleged in the affidavit

that Boyle was never before justice C. A. Scott relative to the case of Commonwealth v. James Hickey. The plaintiff was therefore put to proof of the fact of Boyle having actually entered into the recognizance in question. To support the plaintiff's claim a recognizance purporting to be signed by Hickey and Boyle was offered in evidence, attested as being taken and acknowledged October 7, 1893, before C. A. Scott, justice of the peace. But the offer was simply of the paper without any proof of the fact of the signing or the acknowledgment. Objection being made on that ground the offer was properly rejected. An offer was then made to prove by Hickey's mother that she was present and saw Boyle direct his son to sign the name of John Boyle to the instrument. To this it was objected that the subscribing magistrate was the best witness and therefore he should be called, and also that the offer was incompetent because it did not state that the magistrate was present and took the acknowledgment. It was then proposed to supplement the offer by proof that C. A. Scott, the subscribing magistrate, was not present at the execution of the instrument.

As a matter of course if the magistrate was not present he could not have taken the recognizance, and the offer was properly rejected.

A final offer was made to prove by Mrs. Hickey that she and the defendant Boyle went to the jail, that Hickey there signed the obligation, and that Boyle directed his son to sign his, defendant's name to the instrument and that that was done; that afterwards the obligation was taken to C. A. Scott, a justice of the peace, who signed the acknowledgment as follows, " Taken and acknowledged before me this 7th day of October, A. D. 1893, C. A. Scott, Justice of the Peace," and that after it was so signed Hickey was released and subsequently escaped. This offer was also objected to and rejected. As the release and escape have nothing to do with the obligation of the defendant they contribute nothing to the admissibility of the offer. The other portion of the offer is a proposal to prove that the magistrate never did take the recognizance of the defendant, but signed it as if he had done so. This of course invalidated the whole transaction and hence the proof could not be received. The magistrate could not certify that he had done an act which he had not done, and as that act was essential to any obligation of the

defendant there was nothing to support the action. The docket of the justice was not offered and hence there was nothing to show any actual recognizance.

Judgment affirmed.