Argued October 28, affirmed November 30, 1915, rehearing denied January 11, 1916.

# METZLER LUMBER CO. *v.* FARMERS' MERCANTILE CO.

### (153 Pac. 56.)

**Appeal and Error—Sufficiency of Undertaking on Appeal.**

1. Section 551, L. O. L., provides that the undertaking of the appellant shall be given with one or more sureties to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides as follows: (1) If the judgment or decree appealed from be for the recovery of money, or of personal property or the value thereof, and if the same or any part thereof be affirmed, the appellant will satisfy it so far as affirmed; an undertaking literally complying with the statute was not insufficient because it failed to state to whom appellant would pay any amount adjudged to be due upon it.

[As to liability of sureties on appeal bonds, see note in 38 Am. St. Rep. 702.]

**Appeal and Error—Only Matters in Bill of Exceptions or the Record Presented for Review.**

2. During the pendency of an action plaintiff made an assignment for the benefit of its creditors and the assignee was substituted in its place. No mention is made in the bill of exceptions or the abstract of record of such substitution, neither does it appear that defendant made any objections or opposed the substitution of said assignee or raised the question in any way in the Circuit Court; therefore the contention now urged by defendant that such assignment and the substitution of the assignee in lieu of plaintiff ousted the court of jurisdiction could not be considered.

**Appeal and Error—Matters Presented for Review by the Record.**

3. In an action by a lumber company to recover the purchase price of material, which defendant contends was furnished to a contractor and not to defendant, testimony was introduced showing that one Eblin, a contractor, was constructing the building, and that an undertaking given by him in connection with said contract was signed by Metzler & Hegsted. *Held* that, in the absence of any pleading showing that plaintiff signed said undertaking, and that it contained terms inconsistent with the present contention of plaintiff, and in the absence of the undertaking from the record, the contention of defendant that plaintiff could not recover because it executed the contractor's bond could not be considered.

**Pleading—Admissions Obviate Necessity of Further Proof.**

4. Where, in an action for the purchase price of material, defendant's counsel admitted during the trial that the amount of lumber described in the complaint, the reasonable value and the amount alleged in the complaint, was delivered, there was no necessity of any

further proof concerning the amount of lumber, the delivery or its value.

### Estoppel—Persons Liable for Purchase Price.

5. In an action for the purchase price of lumber,. the fact that plaintiff's president knew that a contractor was erecting the building for which the lumber was furnished, and that he, either as such president or as a member of the firm furnishing the lumber, signed the contractor's bond, *held* not to estop plaintiff from seeking to charge defendant as purchaser of the material so furnished.

### Sales—Evidence as to Price Admissible Under Pleadings.

6. In an action for the purchase price of lumber, though plaintiff sued on an implied contract, it was not error for testimony to be admitted tending to prove that the lumber was to be furnished at certain rates, since, when under a complaint based on a *quantum meruit,* testimony is received tending to prove a contract for the amount demanded, the sum disclosed by such evidence will be construed as the reasonable value, in order to effectuate substantial justice.

### Sales—Instructions in an Action for Price of Material Approved.

7. In an action by the Metzler-Hegsted Lumber Company, a corporation, for the purchase price of lumber that defendant claimed was sold to a contractor and not to it, where there was no allegation that the 'Metzler-Hegsted Lumber Company and Metzler & Hegsted were one and the same institution, it was not error to instruct the jury that the bond given by Metzler & Hegsted as surety for the contractor could not affect plaintiff, because it was not a party to the instrument, and could be considered only in determining whether plaintiff had knowledge of the contract between defendant and the contractor, and to contradict the testimony of plaintiff's president, who testified that the lumber was furnished at defendant's special instance and request.

### Appeal and Error—When the Order of Introducing Proof will be Considered Harmless.

8. Where testimony was admitted in rebuttal that might have been introduced in chief, defendant's rights were not abused where it had an opportunity to and did oppose the testimony when thus offered.

### Appeal and Error—Rights not Affected Appeal will be Affirmed.

9. When the court cannot say that the rights of the appellant have been substantially affected, the appeal will be affirmed in view of Section 556, L. O. L., providing upon an appeal from a judgment the same shall only be reviewed as to questions of law appearing substantially affecting the rights of the appellant.

From Union: JOHN W. KNOWLES, Judge.

In Banc.     Statement by MR. JUSTICE BURNETT.

This is an action by the Metzler-Hegsted Lumber Company, a corporation, against the Farmers' Union Warehouse & Mercantile Company, a corporation.

The plaintiff declares in substance that between July 1, 1910, and January 1, 1911, it sold and delivered lumber and building material of the reasonable value of $2,997.82 to the defendant, which amount the latter promised to pay to the plaintiff, and that no part of the same has been paid, except certain sums, leaving a balance due of $1,449.59.

Every allegation of the complaint is denied, except the artificial character of the parties, and as affirmatively stated to this effect: That all payments credited in the complaint were sums of money which the defendant, with the consent of one W. D. Eblin, paid to the plaintiff at its request, for Eblin, out of money due him from the defendant.

This new matter was denied by the reply. A verdict and judgment for the plaintiff for the balance claimed resulted after a trial, and the defendant appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief with oral arguments by *Messrs. Crawford & Eakin.*

For respondent there was a brief with oral arguments by *Mr. John L. Rand* and *Mr. John S. Hodgin.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. As a preliminary question it becomes necessary to dispose of the plaintiff's motion to dismiss the appeal. That result is demanded because the undertaking does not state to whom the appellant will pay any amount adjudged to be due upon it. The only authority noted for that contention is *Johnston* v. *Letson,* 3 Ariz. 344 (29 Pac. 893), cited in 39 Cyc. 678. That case was decided under a statute which expressly re-

quired the undertaking to be given to the respondent. Our Code (Section 551, L. O. L.), says:

"The undertaking of the appellant shall be given with one or more sureties to the effect that the appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following: (1) If the judgment or decree appealed from be for the recovery of money, or of personal property, or the value thereof, that if the same or any part thereof be affirmed, the appellant will satisfy it so far as affirmed."

The undertaking here involved complies literally with this provision of our Code. The precedent above cited is not applicable. The motion to dismiss the appeal must therefore be overruled.

2. It is suggested in the brief that during the pendency of the action the plaintiff made an assignment under the state law on that subject for the benefit of its creditors, and that the assignee was substituted in its place. The defendant argues that this ousted the state court of its jurisdiction over the case. No mention is made of this matter in the bill of exceptions, and it does not appear that the defendant made any opposition to the substitution, or raised the question in any way in the Circuit Court. It is unnecessary to cite authority that we can consider only those errors of the Circuit Court which have been legally excepted to or which appear in the record before us. The abstract filed by the appellant defendant contains no allusion to the change of parties; hence we cannot give it consideration.

3. During the progress of the trial, to support its case, the plaintiff called as a witness one E. J. Metzler, who gave testimony tending to show that the lumber

in question was furnished at the special instance and request of the defendant to be used in the construction of its warehouse. On his cross-examination it was developed that one Eblin was a contractor for the construction of the building; that he had given an undertaking in connection with the contract, which was signed by Metzler & Hegsted, by E. J. Metzler; and that in course of the work the defendant issued its check payable to Metzler & Hegsted, which was cashed on the indorsement of the plaintiff, Metzler-Hegsted Lumber Company. The defendant claims under all this that it shows that the material was furnished to the contractor, Eblin, and not to the defendant, and that in reality the builder's bond was executed by the plaintiff, for which reason it cannot recover in this action. Neither of these contentions is stated in the pleadings. The conditions of the bond are not disclosed, as that instrument does not appear in the record before us. In the absence of any pleading showing that the plaintiff in fact signed the building bond, and that it contained terms inconsistent with the present contention of the plaintiff, we cannot give heed to the assignments of error on that point.

4. The defendant also urges that, taking all the testimony together, the story for the plaintiff is so improbable and unreasonable that a fair mind must reject it, and that the court was in error in not directing a verdict for the defendant after all the evidence was in. In substance, the witness Metzler testified that he interviewed the building committee of the defendant when they were measuring the site of the proposed warehouse, and that they not only requested him to furnish the lumber, but stated to him that, if he did so, the defendant would see that he was paid. During the trial, according to the report of the official stenog-

rapher, the following oral stipulation was made in open court:

"Mr. Crawford: I don't suppose, Mr. Rand, that there is any question about the amount or character of the lumber delivered there for that warehouse; but who the lumber was sold and delivered to, I think, is the main question in the case. At least we are not going to controvert the amount and character of the lumber delivered to the warehouse.

"Mr. Rand: Then I suppose we could consider it admitted that the amount of lumber described in the complaint, of the reasonable value to the amount alleged in the complaint, was delivered; the question being as to whom it was sold.

"The Court: You admit that, do you?

"Mr. Crawford: Yes; we admit that."

This obviated the necessity of any further proof about the delivery of the lumber and the value thereof.

5. The question to be determined was: To whom was the lumber sold? The knowledge of Metzler, who appears to have been president of the plaintiff, to the effect that Eblin had a contract for the erection of the building, and the fact that Metzler, whether as such president or as a member of the firm of Metzler & Hegsted, had signed Eblin's bond, do not constitute an estoppel as against the plaintiff, but can have no greater value than admissions against its interest or contradictory statements. The weight of the testimony as affected by any such factors was for the jury to determine in their quest for the truth. There is nothing in the pleadings preventing the plaintiff from proving the actual truth, notwithstanding the apparent inconsistencies of conduct or statement on the part of its officers. There is ample evidence to take to the jury the question of whether or not the lumber was fur-

nished to the defendant at its special instance and request.

6. Objection was also made to the ruling of the court in allowing the witness Metzler to state that the lumber was to be furnished at certain rates. The defendant argues that this was allowing the plaintiff to recover upon an express contract, after having alleged an implied agreement. But it is stated in *Schade* v. *Muller,* 75 Or. 225 (146 Pac. 144):

"The rule is quite general that, in an action upon an express contract, the plaintiff cannot recover upon proof of an implied agreement. 9 Cyc. 749. Where, however, under a complaint counting on the reasonable value of services rendered, testimony is received tending to establish a contract for the amount demanded, such sum as disclosed by the evidence will be construed as the reasonable value in order to effectuate substantial justice: *West* v. *Eley,* 39 Or. 461 (65 Pac. 798). To the same effect, see, also, *Elder* v. *Rourke,* 27 Or. 363 (41 Pac. 6)."

7. Objection is made to the instructions of the court to the effect that the only purpose for which the jury was entitled to consider the bond said to have been executed by Metzler & Hegsted was to determine whether the plaintiff company had knowledge of the contract between defendant and Eblin, and to contradict the testimony of Metzler. In explanation of the matter the court charged the jury to the effect that the bond could not affect the plaintiff, because it was not a party to the instrument. We think this was a proper construction of the document in the light of the pleadings here, for in the absence of any allegation on the subject it cannot be said as a matter of law that the Metzler-Hegsted Lumber Company and Metzler & Hegsted are one and the same institution.

8. Further errors are assigned upon the admission of testimony in rebuttal that might have been introduced in chief; but the defendant had the opportunity, and used it, to oppose the testimony thus offered. We cannot see that its rights were abused.

9. "Upon an appeal from a judgment, the same shall only be reviewed as to questions of law appearing upon the transcript, and shall only be reversed or modified for errors substantially affecting the rights of the appellant": Section 556, L. O. L.

Under this section we have carefully considered all the assignments of error, and we cannot say that the rights of the appellant have been substantially affected.

The judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

MR. JUSTICE EAKIN did not sit.