CHARLES H. CLARK *vs.* THE GEORGE E. SYKES COMPANY.

First Judicial District, Hartford, May Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Upon an application to this court for an order requiring the trial judge to make a finding of facts in the case, the date given in the judgment-file will be treated as the date upon which the judgment was in fact rendered; for that statement, like other averments of the record, is conclusive in this court, until it has been altered or amended in the regular and proper way.
A trial judge is not bound to make a finding of facts if the request therefor is not seasonably filed.

Argued May 2d—decided June 2d, 1916.

APPLICATION to this court for an order requiring the trial judge in the Superior Court to file a finding of facts. *Application dismissed.*

*Terry J. Chapin,* for the applicant (plaintiff).

*J. Gilbert Calhoun,* for the respondent (defendant).

THAYER, J. This is an application under the Public Acts of 1905, chapter 58, p. 286, brought to this court by the plaintiff in the above-entitled case in the Superior Court, asking us to order the trial judge to make a

Clark *v.* Sykes Co.

finding of facts in the case. A copy of the judgment-file in the case is made a part of the application, wherein it appears that the judgment was rendered on the 24th day of July, 1915. The applicant alleges that he filed a notice of appeal on the 12th day of November, 1915, and a request for a finding and a draft-finding on the 12th day of November, and that the judgment was not in fact rendered until the 8th day of November, 1915. The record of the Superior Court is conclusive in this court as to the facts stated therein. *Bulkeley's Appeal,* 76 Conn. 454, 456, 57 Atl. 112. For the purposes of this application, therefore, we are to consider the 24th of July as the date of the judgment. If the plaintiff desired to appeal from the judgment he was bound to file with the clerk of the Superior Court a notice of his intention to do so within one week after the rendition of the judgment, and to file his request for a finding and draft-finding within two weeks after the rendition of the judgment; General Statutes, §§ 790, 793; but as the judgment was rendered in vacation, the time for filing did not begin to run until September 1st. The application shows that these papers were not filed in time. The trial judge, therefore, was not bound to make a finding, and we have no power under the statute to order him to do so.

If, as claimed by the applicant, the Superior Court record does not speak the truth, it must in the proper way be made to do so before a mandatory order like that now asked for can be granted.

The application is dismissed.

In this opinion the other judges concurred.