KALMAN P. PALMER *v.* JOHN R. DES REIS

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, JS.

Argued January 6—decided February 21, 1949

*Aaron J. Palmer,* for the plaintiff.

*F. Howard Stickney,* for the defendant.

MALTBIE, C. J.  On July 30, 1948, judgment was rendered for the plaintiff.  On August 14 the defendant filed an appeal in the usual form.  It included a statement that his attorney was recognized in the sum of $150 to prosecute the appeal to effect, signed by the clerk of the court.  On September 25, 1948, the plaintiff filed "An Application to Rectify Appeal" on the ground that the appeal was mailed to the clerk by the attorney with a place for the signature of the clerk after the notation of the recognizance, and that, without the appearance of the attorney before him, the clerk wrote his signature thereon.  On November 12, 1948, the court made an order in which it found the statements of the application true and directed that the part of the appeal containing the recognizance be stricken out.  From that order the defendant has filed

an appeal to this court. The plaintiff has made a motion to erase the appeal on the ground that the order of the court was not a final judgment within the appeal statute.

Section 335 of the Practice Book provides that appeals shall be filed with the clerk of court within a certain time and that at the same time the appellant shall pay the record and entry fees to the clerk "and shall give sufficient security to the adverse party by bond or recognizance conditioned that he will prosecute his appeal to effect and will pay all costs if he shall fail to do so; unless the fees be paid and the bond be so given the appeal shall be void and of no effect." The bond or recognizance required is solely for the protection of the appellee. There is no reason why a failure to furnish such security could not be waived by the appellee and every reason why he should be entitled to waive it. The word "void" is often used with the meaning of "voidable," particularly where the condition imposed is for the benefit of the adverse party. *United States* v. *N. Y. & Porto Rico S. S. Co.,* 239 U. S. 88, 93, 36 S. Ct. 41, 60 L. Ed. 161; *Sherman* v. *Smith,* 185 Iowa 654, 656, 169 N. W. 216; *Good* v. *Starker,* 216 Wis. 253, 255, 257 N. W. 299; 44 Words & Phrases (Perm. Ed.) 322. Despite the provision that an appeal where proper security has not been given is not only "void" but "of no effect," we cannot construe it as meaning otherwise than that such an appeal is voidable upon the taking of proper steps by the appellee. In *State* v. *Pallotti,* 119 Conn. 70, 74, 174 A. 74, it is true we stated that an appeal without a requisite bond was by the express provision of the rule void and of no effect; but in that case we had no occasion to consider with care the effect of that provision in the rule, as we have now done. See *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 657, 41 A. 2d 912; *Spencer* v.

*Broughton,* 77 Conn. 38, 41, 58 A. 236; *Sackett* v. *Carroll,* 80 Conn. 374, 376, 68 A. 442.

The filing of the appeal for most purposes transferred the case to this court; *MacDonald* v. *Newman,* 112 Conn. 596, 598, 153 A. 296; but the trial court can still perform certain functions with reference to it, as, e.g., opening the judgment. *Cristini* v. *Griffin Hospital,* 134 Conn. 282, 284, note, 57 A. 2d 262. Certainly one of those functions is, for due cause shown, to cause its records to speak the truth. *Reetz* v. *Mansfield,* 119 Conn. 563, 564, 178 A. 53. The signature of the clerk to the statement in the appeal that the defendant's counsel had been recognized was in effect a record of a step necessary to the proper taking of the appeal, and if it did not accord with the true facts the trial court had the right to order a correction to be made. *Varanelli* v. *Luddy,* 130 Conn. 74, 79, 32 A. 2d 61.

While, despite that correction, the appeal might still come before us, it would be without the bond or recognizance required by the rule, and a plea in abatement upon that ground would have to be sustained. The only way in which we could consider the merits of the appeal would be through a waiver of the defect by the plaintiff. In the absence of such a waiver, the order of the trial court effectively put the defendant out of court as far as the appeal is concerned. The possibility that the defendant might be permitted to prosecute the appeal by the voluntary choice of the plaintiff is remote in fact and it no more deprives the order of the character of finality than the possibility that the court may open an ordinary judgment prevents that judgment from being final under the appeal statute. *State* v. *Kemp,* 124 Conn. 639, 643, 1 A. 2d 761. Moreover, as the case would come before us, the record of the trial court would show that no recognizance had been taken; that record would not be open to attack;

*Bulkeley's Appeal,* 76 Conn. 454, 456, 57 A. 112; *Clark* v. *Sykes Co.,* 90 Conn. 553, 554, 97 A. 853; and, if error were committed by the trial court in ordering the correction, there would be no way by which it could be reviewed by this court except upon an appeal from the order. The case before us is in many respects similar to a situation presented in *Varanelli* v. *Luddy,* supra, 80, where we held that the denial of a motion to correct a judgment file in a respect essential to the plaintiff's cause of action was a final judgment within the appeal statute.

The motion to erase the appeal is denied.

In this opinion the other judges concurred.