KALMAN P. PALMER *v.* JOHN F. DES REIS

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 2—decided December 8, 1949.

*F. Howard Stickney,* for the appellant (defendant).

*Aaron J. Palmer,* for the appellee (plaintiff).

JENNINGS, J.. This matter was before this court on a motion to erase the appeal. *Palmer* v. *Des Reis,* 135 Conn. 388, 64 A. 2d 537. That opinion discusses the facts and much of the law. The discussion will not be repeated. The only remaining question is whether the trial court was justified in striking the recognizance

from the record on the ground that the attorney recognized did not in fact appear before the clerk.

The numerous definitions of "recognizance" do not appear to differ materially, and all of those found contain as an essential element the assent of the person recognized. Judge Swift, for example, gives the following definition: "A recognizance is an obligation acknowledged before some court for a certain sum, with condition that the plaintiff shall prosecute a suit pending in court, or for the prosecution of an appeal. . . ." 1 Swift's Digest 376; Webster's New International Dictionary (2d Ed.); see also 2 Blackstone's Commentaries 341; Conn. Civil Officer (19th Ed.) p. 114. A recognizance is in effect a bond as to its obligation. *Vincent* v. *Mutual Reserve Fund Life Assn.*, 75 Conn. 650, 651, 55 A. 177. It imports an acknowledgment. *Heyward* v. *United States*, 37 F. 764, 765. Personal appearance is essential to an oral acknowledgment. "The manner of taking a recognisance is, that the magistrate repeats to the recognisors the obligation into which they are to enter, and the condition of it, at large, and asks them if they are content." *Commonwealth* v. *Emery*, 2 Binn. (Pa.) 431, 434; see *Bradley* v. *Vail*, 48 Conn. 375, 381; *State* v. *Dorr*, 59 W. Va. 188, 191; *Martin* v. *Campbell*, 120 Mass. 126, 128. The evidence of assent to a bond is ordinarily the signature. The assent to a recognizance, when oral, is evidenced by the certificate of the magistrate or, in this instance, the clerk. When, as the plaintiff expresses it, "He [the attorney] said nothing to the clerk, and the clerk said nothing to him," no sufficient recognizance was entered into. "As a matter of course if the magistrate was not present he could not have taken the recognizance. . . ." *Commonwealth* v. *Hickey*, 172 Pa. 39, 43, 33 A. 188; see also *Miller* v. *Cross*, 73 Conn. 538, 540, 48 A. 213; *Fowler's Case*, 49 Mich. 234, 237, 13 N. W.

530; *Thomsen* v. *State,* 82 Neb. 634, 636, 118 N. W. 330.; *State ex rel. City of Sidney* v. *Bridd,* 145 Neb. 273, 276, 16 N. W. 2d 171.

There is some intimation in the defendant's brief that we should take judicial notice of the informal practice which has grown up in taking recognizances. We know of no such practice and if it exists it should not be tolerated. As stated above, the only evidence of the oral assent is the certificate. If such assent was not given, the certificate is meaningless. The same might be said of certificates of acknowledgments and oaths. "Personally appeared" should mean what it says.

The trial court was justified in rectifying the appeal by striking the recognizance from the record.

There is no error.

In this opinion the other judges concurred.