KALMAN P. PALMER *v.* JOHN F. DES REIS

BROWN, C. J., JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued April 4—decided May 2, 1950.

*Aaron J. Palmer,* for the plaintiff.

*F. Howard Stickney,* for the defendant.

BROWN, C. J.   This case has already been twice before this court.   On February 21, 1949, we denied the plaintiff's motion to erase the defendant's appeal from an order of the trial court rectifying the appeal. *Palmer* v. *Des Reis,* 135 Conn. 388, 64 A. 2d 537.   On December 8, 1949, we held that the trial court did not err in entering that order.   *Palmer* v. *Des Reis,* 136 Conn. 232, 70 A. 2d 141.   We are now called upon to determine a motion by the defendant that this court direct the trial court to permit him to give a recognizance in his appeal from the original judgment, and also the plaintiff's plea in abatement to that appeal.

On July 30, 1948, the Municipal Court of Middletown rendered judgment for the plaintiff to recover of the defendant on a claim for rent.   On August 14, 1948, the defendant filed an appeal in the usual form. It included a statement that his attorney was recognized in the sum of $150 to prosecute the appeal to effect, signed by the clerk.   On November 12, 1948, in

response to the plaintiff's application, the court struck out the recognizance because the clerk had so signed without the attorney's having appeared before him. Upon the defendant's appeal from this ruling we ultimately ruled on December 8, 1949, as pointed out above, that the trial court was justified in striking the recognizance from the record for the reason stated. On January 5, 1950, the defendant filed a motion in the trial court for an extension of time within which to give the plaintiff sufficient security by bond or recognizance for the effective prosecution of the defendant's appeal and for the allowance of the appeal as perfected. On March 1, 1950, the defendant filed a motion for a hearing upon this motion, and on March 28, 1950, the court denied the motion. On April 5, 1950, the defendant filed a motion in the Supreme Court asserting in effect that this ruling by the trial court was unwarranted and asking that it be directed to permit him to give a recognizance to the appeal filed August 14, 1948.

In so far as material to the issue before us, § 335 of the Practice Book provides that the party appealing "shall, within two weeks from the issuance of notice of the rendition of judgment . . . file with the clerk . . . an appeal in writing, and at that time he . . . shall give sufficient security to the adverse party by bond or recognizance" for the prosecution of the appeal to effect and costs; "unless . . . the bond be so given the appeal shall be void and of no effect. The time for filing such appeal and bond and recognizance . . . may be extended from time to time . . . by the court upon written application and for good cause shown, provided that such application has been filed before the time theretofore limited." The express provision of the rule which restricts the time for the filing of an original application, as was the one in question, for

an extension of time "for filing such appeal and bond and recognizance" to two weeks is decisive of the defendant's motion. By reason of it, the trial court had no discretion and was powerless to grant the motion, as is this court to order it granted, since the application, instead of having been filed within the two weeks prescribed, was first filed more than one year and four months after the expiration of that period. A bond or recognizance is essential to a valid appeal. The requirement that an application for an extension must be filed within the two weeks primarily allowed for taking the appeal, or, if a previous extension has been granted, before that has expired, was adopted in 1943 as an amendment to the original rule, to eliminate the uncertainty which had theretofore existed as to when the party prevailing in the trial court could regard the litigation as finally settled by the judgment rendered. *State ex rel. Baskin* v. *Bartlett,* 132 Conn. 623, 624, 46 A. 2d 335. The discretion concerning the granting of an extension of time relative to certain other mechanics of procedure requisite to completing an appeal is not permissible with regard to the giving of the bond or recognizance, which is an essential part of the very taking of the appeal. *Cristini* v. *Griffin Hospital,* 134 Conn. 282, 284, 57 A. 2d 262. The defendant's motion is denied.

On February 24, 1949, three days after our denial of the plaintiff's motion to dismiss the defendant's appeal from the trial court's ruling of November 12, 1948, striking the recognizance from the record, the plaintiff filed a plea in abatement in the Supreme Court on the ground that the appeal from the original judgment of July 30, 1948, as corrected, was without a bond or recognizance and was therefore voidable. The sixth paragraph alleged: "This plea is filed pending an appeal to the Supreme Court of Errors from said order

of the Municipal Court made November 12, 1948 rectifying said appeal filed August 14, 1948." On April 4, 1950, the defendant demurred to the plea because (1) it failed to state the disposition of the pending appeal referred to in the sixth paragraph, and (2) it failed to aver that the defendant had not complied with the provision of § 335 permitting an application for an extension of time. By the demurrer the vital allegation in the plea that the defendant's appeal as corrected by the trial court contained no bond or recognizance as required by § 335 stands admitted. As is pointed out in *Palmer* v. *Des Reis,* 135 Conn. 388, 390, this requires that the plea in abatement be sustained. Neither of the technical grounds upon which the defendant rests his demurrer calls for a contrary conclusion. "On demurrer the court considers the whole record, and gives judgment for the party who, on the whole, appears to be entitled to it." *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065. The facts of record detailed above leave no doubt that the grounds of demurrer stated are entirely without merit. The plea in abatement must be sustained.

The motion that the Municipal Court of Middletown be directed to permit the defendant to give a recognizance in the appeal filed by him August 14, 1948, is denied, the demurrer to the plea in abatement is overruled, and the plea is sustained.

In this opinion the other judges concurred.