RUTH E. JENSEN ET AL. *v.* NATIONWIDE MUTUAL INSURANCE COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 7—decided June 14, 1960

*George E. McGoldrick,* for the appellee (named defendant).

*Charles L. Flynn,* for the appellant (defendant Virginia Brockett).

PER CURIAM. The defendant Virginia Brockett, a minor, instituted an action for damages against the present plaintiffs. They seek, in the action at bar, a declaratory judgment to determine the liability of the named defendant, hereinafter called Nationwide, under a policy issued by it to the named plaintiff. The trial court rendered judgment declaring that Nationwide was not liable under the policy. The defendant Brockett appealed from this judgment. Nationwide filed a motion to dismiss the appeal on the ground that the appeal bond obligates the defendant Brockett only to the plaintiffs and therefore provides Nationwide with no security for costs.

Practice Book § 379 states that unless security for costs is given, "the appeal shall be void and of no effect." See *State* v. *Pallotti,* 119 Conn. 70, 74, 174 A. 74. Nevertheless, we have held that "void," as used in the rule, means "voidable." This result was achieved because the security required "is solely for the protection of the appellee" and may be waived by him. *Palmer* v. *Des Reis,* 135 Conn. 388, 389, 64 A.2d 537; Maltbie, Conn. App. Proc. §§ 120, 121, 275. It appears from the file that the appeal and the appeal bond were filed together on April 21, 1960. The motion to dismiss was filed on April 27, 1960, which is within the ten-day period required for filing such a motion under Practice Book § 436. Since Nationwide has filed a timely motion, it cannot be said that it has waived the claimed defect.

The facts in the instant case differ from those presented in the *Palmer* v. *Des Reis* cases as reported in 135 Conn. 388, 64 A.2d 537; 136 Conn. 232, 70 A.2d 141; and 136 Conn. 627, 73 A.2d 327.

These three cases were concerned with a situation where the court struck out an attempted recognizance because the party failed to appear personally before the clerk. Thus, there was no security whatsoever. In the instant case, the claim is that the security given does not protect Nationwide. Practice Book § 379 provides that the security may be given by (1) payment of cash to the clerk, (2) a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the Superior Court, or (3) "a bond substantially in accordance with Form 557." The defendant chose the third method. The rule itself does not require the protected party to be named, nor does it describe who shall be protected. Form 557, however, employs the language "Henry Hart, plaintiff (or defendant) in the above entitled action, as principal, and Richard Roe, of Berlin, as surety, are . . . bound . . . unto John Doe, defendant (or plaintiff) . . . ." The form of the bond then provides that if the principal shall prosecute the appeal to full effect and pay all costs for which judgment may be rendered against him, the bond shall be void.

Section 379 differs from the rule which prevailed prior to 1951 and which provided that the "party appealing . . . shall give sufficient security to the adverse party by bond or recognizance." Practice Book, 1934, § 335, as amended. Thus, under the previous rule, security was given to "the adverse party." Also, there was no form for the bond, and no provision for the payment of cash to the clerk. Under § 379, a party, in paying cash to the clerk, does not give security to a particular person; rather, the money itself is subject to the payment of costs. A recognizance " 'is an obligation acknowledged before some court for a certain sum, with condition

that the plaintiff shall prosecute a suit pending in court, or for the prosecution of an appeal. . . .' 1 Swift's Digest 376; Webster's New International Dictionary (2d Ed.) . . . ." *Palmer* v. *Des Reis,* 136 Conn. 232, 233, 70 A.2d 141. Thus, it names no specific person as the obligee. So far as a bond is concerned there is, in the rule, no direction that the obligation be made to run to a particular individual. The form supplies this requirement, if it is a requirement.

A bond or a recognizance is "an essential part of the very taking of the appeal"; *Palmer* v. *Des Reis,* 136 Conn. 627, 630, 73 A.2d 327; and "is solely for the protection of the appellee." *Palmer* v. *Des Reis,* 135 Conn. 388, 389, 64 A.2d 537. Thus, it is indicated that an appeal without security would be dismissed and that the "only way in which we could consider the merits of the appeal would be through a waiver of the defect." Id., 390. In a jurisdiction which has a statute requiring security to be given to the "adverse party," failure so to give the security is a ground for dismissal. *Edwards* v. *Bounds,* 18 Wash. 2d 836, 838, 140 P.2d 963. "[It has] repeatedly [been] held that, in order to perfect an appeal, the appeal bond must run to all parties whose interests may be adversely affected by a reversal or modification of the judgment." Ibid. The same result was reached under a statute requiring security for the "appellee or defendant in error," but a perfected bond was thereafter accepted. *Wedgeworth* v. *Pope,* 12 S.W.2d 1045, 1046, 1047 (Tex. Civ. App.). Where the statute merely requires security and does not state for whose benefit it is to be given, an appeal bond which does not name the obligee is sufficient. *Bothwell* v. *Keefer,* 52 Idaho 737, 742, 20 P.2d 199; *Van Sicklin* v. *Mayfield Land & Livestock Co.,* 41

Idaho 673, 676, 241 P. 1022; *Clerk's Office* v. *Huff-steller*, 67 N.C. 449, 451; *Metzler Lumber Co.* v. *Farmers' Mercantile Co.*, 78 Ore. 551, 554, 153 P. 56. In the present case, it is to be noted that the defendant Brockett has specifically named the plaintiffs as obligees and neglected to include Nationwide.

General Statutes § 52-186 provides that "[i]f the court in which any action is pending finds that any bond taken therein for prosecution, or on appeal, is insufficient, . . . it shall order a sufficient bond to be given before trial, unless the trial will thereby necessarily be delayed." Courts are apparently reluctant to dismiss appeals because of a defect in naming the obligee in the appeal bond, if the statutes or rules provide a method of curing the defect. 4-A C.J.S. 238 § 533, 289 § 567. We do not decide whether § 52-186 applies to appeals to the Supreme Court of Errors because, wholly aside from that question, the case is not one of a bond which is merely "insufficient." It is, rather, a case where the bond furnishes no security whatsoever to one of the adverse parties. As to that party, there is nothing to be made "sufficient" by an order under § 52-186.

The defendant Brockett gave security for costs but chose to do it by giving a bond instead of depositing cash with the clerk or filing a typical recognizance, which, on its face, would cover all adverse parties. Nationwide has taken seasonable advantage of the voidable defect which resulted from the choice of a bond as security and the failure to make the bond run to all adverse parties. The motion to dismiss must be granted; see *Palmer* v. *Des Reis*, 136 Conn. 627, 630, 73 A.2d 327; but only to the extent that the appeal affects the defendant Nationwide.

The appeal is dismissed as to the defendant Nationwide Mutual Insurance Company.