ALLEN FOGELSON v. ESTHER FOGELSON ET AL.*

SUPERIOR COURT       JUDICIAL DISTRICT OF       FILE NO. 283467
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed October 31, 1983

*Dice, Miniter & Carvalko,* for the plaintiff.
*Jeffrey L. Crown,* for the named defendant et al.

*Denominated *In re Estate of David Fogelson et al.* v. *Esther Fogelson et al.* in the Superior Court.

Reporter of Judicial Decisions

*Rosenzweig, Fagan & Sheehan,* for the defendant Eileen Birnholz, executrix (estate of David Fogelson), et al.

GAFFNEY, J. The defendants, Eileen Birnholz and Fay Tanner, seek to dismiss an appeal from a decree of the Probate Court, district of Berlin, admitting to probate a will of the decedent, David Fogelson. The motion is grounded on the alleged failure of the plaintiff-appellant to furnish with his motion for appeal a valid bond or recognizance.

Appeals from the probate courts of this state to the Superior Court are governed by § 45-288 of the General Statutes. *Lenge* v. *Goldfarb,* 169 Conn. 218, 220, 363 A.2d 110 (1975). In connection with the taking of such an appeal the statute provides in part that "[the appellant] shall give security for costs in the amount of one hundred fifty dollars . . . or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court."

There is no dispute that the plaintiff did not deposit the sum of $150 as cash security with the clerk.

Notwithstanding the contrary arguments of those who oppose the motion, the court is satisfied that the bond which the plaintiff has filed is patently defective. An examination of the approved form of bond (Practice Book, Form 1004.7) satisfies the court that it is intended that the principal on the bond and the appellant be the same person: "The condition of this obligation is such that whereas the above bounden principal has appealed from the order and decree of the Probate Court . . . . Now, therefore, if the principal shall prosecute the appeal to effect . . . ."

The principal on the bond filed is one Cynthia A. Johnson. She is not the named appellant, and a review of the file satisfies the court that she has no apparent connection with the controversy. The bond, therefore, does not comply with the statutory requirements and is little more than a nullity.

In addition to the claimed appeal bond, the plaintiff also filed what is described as "Recognizance in Probate Appeal." The form recognizes Cynthia A. Johnson as principal and one Margaret Judd as surety, in the amount of $150. It is signed by "Francis A. Miniter, Commissioner of the Superior Court." The defendants argue that the recognizance, too, is defective in that the appellant is not himself the named principal and the parties who appear thereon as principal and surety are strangers to the appeal.

"A recognizance 'is an obligation acknowledged before some court for a certain sum, with condition that the plaintiff shall prosecute a suit pending in court, or for the prosecution of an appeal. . . .' 1 Swift's Digest 376; Webster's New International Dictionary (2d Ed.)." *Jensen* v. *Nationwide Mutual Ins. Co.*, 147 Conn. 722, 724–25, 161 A.2d 785 (1960). It is the general rule that the obligation need run to no specific individual. Id. The statute directs the plaintiff to provide such a commitment, but neither the language of the statute nor the language of the prescribed Practice Book form requires that the plaintiff personally appear thereon as principal.

The essential elements of a valid recognizance are the personal appearance of the recognizers and acknowledgement of their understanding of the obligation which they assume. *Palmer* v. *Des Reis*, 136 Conn. 232, 233, 70 A.2d 141 (1949).

On its face the recognizance appears to satisfy the above essentials and the mandate of § 45-288. Accordingly, the motion to dismiss is denied.