[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The appellants, Salvatore Rizzo and Angelina Rizzo by her attorney William G. Grady, filed a motion to appeal from Probate dated October 2, 1992. The appeal is from an order of probate dated September 8, 1992, which decreed that in the will of the deceased Lucy R. Magnano, the decedent's sister, Angelina Rizzo, is left the entire estate as life tenant. The probate order further provided that upon Angelina Rizzo's death, the remainder of the estate is to be distributed to the respondents, Sebastian Marino and James Salonia. Although no reasons for appeal were filed by the appellants within ten days after the return day as required by Practice Book Sec. 194, the appellants subsequently filed such reasons on February 1, 1993.
The respondents, as co-executors of Magnano's estate, filed a motion to dismiss the appeal dated January 18, 1992. The respondents moved for dismissal on the grounds that the appellants failed to file any reasons for the appeal, there was a defect in the form of the appeal and the appellants are non-aggrieved parties. The respondents filed a memorandum of law in support of their motion. The appellants filed a memorandum of law in opposition dated February 1, 1993. Supplemental memorandum were subsequently filed by each CT Page 7066 party.
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1,578 A.2d 646 (1990). A claim that the plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the trial court." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764,767, 594 A.2d 468 (1991); Monroe v. Horwitch, 215 Conn. 469,472, 576 A.2d 1280 (1990). "The motion to dismiss . . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
Practice Book Sec. 142 provides:
 Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court directs otherwise.
McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 517 n. 6,590 A.2d 438 (1991). Practice Book Sec. 143 provides:
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
The respondents argue that the appellants failed to CT Page 7067 comply with Practice Book Sec. 194 but not listing the reason for their appeal. Although this alone may not warrant dismissal, the respondents argue that this factor combined with the assertion that the appellants are not aggrieved parties does warrant dismissal. The respondents argue that appellant Gracy cannot be considered aggrieved because he does not represent Angelina Rizzo any longer. The respondents further argue that Rizzo cannot be aggrieved because he is not in any way included in Magnano's estate or will. The respondents claim that Salvatore Rizzo's status is relation to Angelina Rizzo is as a potential heir-at-law and it does not entitle him to standing as an aggrieved party to contest a will.
Moreover, the respondents argue that the appellant failed to comply with General Statutes Sec. 45a-186 because a stranger, and not the principal, is named to the bond. The respondent argues that the appellant has failed to correct the defect under the provisions of General Statutes Sec. 45a-189
within 90 days and therefore the defect is now fatal.
The appellants argue that as a preliminary matter the respondents' motion to dismiss was not time filed. The appellants claim that the motion to dismiss must be filed within 30 days after the filing of an appearance in accordance with Practice Book Sec. 142. The appellants argue that the probate appeal was filed on October 27, 1992, while the motion to dismiss was filed on January 18, 1993, more than 30 days after the appeal was filed.
The appellants argue that should the court consider the motion to dismiss, the failure to file reasons for a probate appeal does not warrant dismissal under Practice Book Sec. 194. The appellants argue that the failure to file reasons for an appeal is analogous to a failure to plead, and therefore the proper motion is for nonsuit pursuant to Practice Book Sec. 363 and not dismissal. The appellant argues that the obligation to name a principal need not run to a specific individual, and the appellant need not personally appear. As to the issue of aggrievement, the appellants argue that as an heir-at-law to Angelina Rizzo, Salvatore Rizzo has standing. In addition, the appellants argue that Grady, as Angelina Rizzo's attorney and representative, has standing to challenge the probate of the Magnano estate.
In a supplemental memorandum, the respondents argue CT Page 7068 that Practice Book Sec. 145 provides that a claim of subject matter jurisdiction can be raised at anytime. The respondents claim that the failure to provide reasons for a probate appeal, the existence of non-aggrieved parties and the defective form of the appeal all involve the subject matter jurisdiction of the court. The respondents argue that the motion to dismiss is properly filed because it does not have to comply with the 30 day provision of Practice Book Sec. 142.
I. Timeliness of Motion to Dismiss
Practice Book Sec. 142 provides in part:
 Any defendant wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within 30 days of the filing of the appearance.
On the other hand, the lack of subject matter jurisdiction cannot be waived and a claim of a lack of subject matter jurisdiction must be disposed of whenever it is raised and before the court can proceed further with the case. Practice Book Sec. 145, Castro v. Viera, 207 Conn. 420, 429, 430,541 A.2d 1216 (1988).
To the extent that the respondents' motion to dismiss concerns the appellants' failure to file the reasons for the appeal pursuant to Practice Book Sec. 194, the motion was timely filed. A motion to dismiss on the ground that the appellant in a probate appeal failed to file the reasons for appeal is directed towards the court's jurisdiction over the subject matter. Kiely v. Yelder, 4 CSCR 841 (August 29, 1989, Curran, J.) Barlow v. Pocsay, 21 Conn. Sup. 352, 154 A.2d 753
(1959).
The remaining question is whether or not the existence of non-aggrieved parties and a defect in the form of the appeal concerns the court's subject matter jurisdiction.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings belong." Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981). It had been held that the "issue of standing implicates the CT Page 7069 court's subject matter jurisdiction." Appeal from Probate of Bencivenga, 30 Conn. App. 334, 337, A.2d (1993), citing Middletown v. Hartford Electric Light Co., 192 Conn. 591,595, 473 A.2d 787 (1984). Therefore, to the extent that the motion to dismiss is based upon the standing of the respondents, it was timely filed.
As to the alleged defect in the form of the appeal pursuant to General Statutes Sec. 45a-186, such a defect is not of the nature so as to deprive the court of subject matter jurisdiction. As a threshold issue, it is not clear as to whether or not the failure of the principal to personally appear as the recognizance is an issue of subject matter jurisdiction. Therefore, the court will address the substantive issue raised in the motion to dismiss as to this issue now.
General Statutes Sec. 45a-186 provides in pertinent part:
 Any person aggrieved by another, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court.
 "A recognizance `is an obligation acknowledged before some court for a certain sum, which condition that the plaintiff shall prosecute a suit pending, in court, or for the prosecution of an appeal. . . .' 1 Swift's Digest 376; Webster's New International Dictionary (2d Ed.)." Jensen v. Nationwide Mutual Ins. Co., 147 Conn. 722, 724-25, 161 A.2d 785 (1960). It is the CT Page 7070 general rule that the obligation need run to no specific individual. Id. The statute directs the plaintiff to provide such a commitment, but neither the language of the statute nor the language of the prescribed Practice Book form requests that the plaintiff personally appear thereon as principal.
Fogelson v. Fogelson, 39 Conn. Sup. 63, 65, 467 A.2d 1727
(1983).
The appellants' failure to be the principal of the recognizance does not deprive the court of subject matter jurisdiction as a matter of law. The motion to dismiss on this ground is denied.
 II. Subject Matter Jurisdiction: Failure to Comply with Practice Book Sec. 194 and Aggrievement
Having determined that the respondents' motion was timely filed with regards to the appellants' failure to comply with Practice Book Sec. 194 and as to the issue of aggrievement, the court will now address the substance of these arguments.
As to the appellants' alleged failure to state the reasons for their probate appeal, it has been held that "[t]he plaintiff's failure to state such reason [of appeal] might in some instances render his appeal subject to being struck, but dismissal is not proper unless it is undisputed as a question of fact that such reasons do not exist." Baskin's Appeal from Probate, 194 Conn. 635, 641 n. 9, 484 A.2d 934 (1984). Such reasons do exist in the present action. Although not filed until February 1, 1993, the appellants' failure to file the reasons of the appeal within the ten days after the return day is not fatal to the appeal. Kiely, supra. Therefore, the motion to dismiss is not granted on this ground.
As to the issue of aggrievement, the appellant Salvatore Rizzo claims standing as an heir-in-law.
 [T]he existence of aggrievement depends upon `whether there is a possibility, as distinguished from a certainty, that CT Page 7071 some legally protected interest which [an appellant] has in the estate has been adversely affected."
Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516,429 A.2d 967 (1980).
 "`Expectancy' is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such hope is inchoate. It has not attribute of property, and the interest to which it relates is at the time nonexistent and may never exists." The moment of the decedent's death determines the right of inheritance or testamentary succession.
(Citations omitted.) Kraus v. Kraus, 174 Conn. 361, 365,387 A.2d 548 (1978).
The general rule that has emerged in appeals from probate from blood relatives based on familial relations is that the "connection by. blood to a person's estate is not necessarily a legally protected status." Buchholz's Appeal from Probate, 9 Conn. App. 413, 417, 519 A.2d 615 (1987).
Therefore, Salvatore Rizzo, as an apparent heir-at-law, with no present interest in the estate of Angelina Rizzo, is not aggrieved. As stated in Krause, Salvatore Rizzo's interest as an heir-at-law in Angelina Rizzo's future estate is a bare hope of succession, that at the present does not exist and may never exist. Salvatore Rizzo has no legally protected interest which would give him standing to bring this probate appeal. The motion to dismiss is granted with regards to Salvatore Rizzo.
As to the appellant Grady, it is argued that he is aggrieved by his alleged status as Angelina Rizzo's legal representative as an attorney. "One may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity." Milford v. Commissioner of Motor Vehicles, 139 Conn. 677, 681, 96 A.2d 806
(1953). "The right to appeal in a representative capacity is predicated on a person having a legal or fiduciary duty to protect the interests of those whom he purportedly represents." CT Page 7072 McNeil v. Tyson, 37 Conn. Sup. 624, 626, 432 A.2d 328 (1981). "Aggrievement is established if `there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.d 975 (1980).
For the purposes of considering this motion to dismiss, the court must admit all facts well pleaded. The appellants have alleged, in paragraph two of the motion for probate appeal, that Grady is the court appointed attorney for Angelina Rizzo. It has also been alleged that Angelina Rizzo is an incapable heir-at-law of the deceased and sole beneficiary of the estate as a life tenant. In their reasons for appeal, the appellant states that the Probate Court improperly decreed that the Magnano's estate is already vested in Marino and Salonia subject only to life use by Rizzo and cannot be vested to anyone else. Given these allegations there is a possibility that some legally protected interest held by Angelina Rizzo may be adversely affected. That as Angelina Rizzo's alleged legal representative, Grady may have a legal or fiduciary duty to protect the interests of Angelina Rizzo. Therefore, the motion to dismiss as to Grady based on lack of standing is denied.
HIGGINS, J.