[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Arthur Russell, brought an original action for negligence in 1989 against Natkin Company. In CT Page 3750 1992, the court, Aurigemma, J., granted summary judgment against the plaintiff holding that Natkin did not owe any duty to the plaintiff. The decision was signed by the Judge on October 23, 1992. Notice was sent out by the clerks' office to the parties on November 19, 1992. The plaintiff commenced this action on November 13, 1993, pursuant to General Statutes § 52-593, the savings statute.[1]
Presently before the court is a motion for summary judgment filed by defendant Thomas O'Connor Co on September 19, 1994. In its motion, the defendant asserts that the plaintiff has failed to serve the defendant within the one year period set by General Statutes § 52-593. The issue before the court is whether the one year period began to run from the date the court granted the prior motion for judgment (October 23, 1992), or the date the notice was sent out from the clerks' office (November 19, 1992).
General Statutes § 52-593 permits a plaintiff to bring a new action if the service of process in the new action is made within one year after the termination of the old action. The defendant argues that the termination of the old action was October 23, 1992, when the court granted the motion for summary judgment. The plaintiff maintains that the operative date is when the clerks' office sends out the notice.
In this case the court, Aurigemma, J., rendered its decision granting summary judgment in favor of defendant Natkin Company on October 23, 1992. Judge Aurigemma penned her decision directly onto the Motion, signed it and dated it. "The record of the Superior Court is conclusive in this court as to the facts stated therein." Clark v.Sykes Co., 90 Conn. 553, 554 (1916).
The date from which the one year period runs is the date the judge grants the motion. Therefore, pursuant to the clear and unambiguous language of the statute, the prior action was terminated on October 23, 1992. The last day for service of the new complaint on the defendant O'Connor was October 23, 1993. The defendant Thomas was served on November 16, 1993, more than one year after termination of the prior action. CT Page 3751
Accordingly, the Motion for Summary Judgment is granted.