******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES T. COSTELLO ET AL. *v.* GOLDSTEIN
AND PECK, P.C., ET AL.
(SC 19475)

Rogers, C. J., and Palmer, Zarella, McDonald, Espinosa, Robinson and
Vertefeuille, Js.

*Argued January 27—officially released May 3, 2016*

*Dorothy Smulley Costello*, self-represented, with
whom, on the brief, was *James T. Costello*, self-repre-
sented, the appellants (plaintiffs).

*Sean E. Boyd*, with whom was *Nadine M. Pare*, for
the appellees (defendants).

*Opinion*

McDONALD, J. The plaintiffs, James T. Costello and Dorothy Costello, proceeding as self-represented parties, brought a legal malpractice action against the defendants, Goldstein and Peck, P.C., William J. Kupinse, Jr., and Andrew M. McPherson. The trial court rendered judgment dismissing the action after granting the defendants' motion to dismiss the complaint on the ground that the writ of summons (summons) failed to provide either a recognizance[1] by a third party or a certification of the plaintiffs' financial responsibility as required by General Statutes § 52-185 (a)[2] and Practice Book §§ 8-3 (a)[3] and 8-4 (a).[4] The Appellate Court summarily affirmed the judgment of dismissal; *Costello* v. *Goldstein & Peck, P.C.*, 155 Conn. App. 905, 109 A.3d 552 (2015); and we granted the plaintiffs' petition for certification to appeal to this court.[5] We conclude that the trial court improperly failed to afford the plaintiffs an opportunity to file a bond to avoid dismissal of the action. Accordingly, we reverse the Appellate Court's judgment.

The record reveals the following undisputed facts. The plaintiffs, a married couple, commenced the present action by way of a complaint and a summons.[6] The name entered for the recognizance in the summons was "Dorothy A. Smulley," which is the maiden name of Dorothy Costello. The defendants moved to dismiss the complaint, claiming that the trial court lacked personal jurisdiction over them because the summons was defective due to the lack of either a recognizance by a third party or a certification of the plaintiffs' financial responsibility. The plaintiffs opposed the motion, arguing that the requirements under § 52-185 apply only to plaintiffs who are not inhabitants of this state and that the signature of the assistant clerk taking the recognizance attested to their financial responsibility.

The trial court heard oral argument on the motion. In addition to the arguments advanced in their opposition to the motion, the plaintiffs contended that nothing prevented one spouse from entering into a recognizance for the other spouse. At one point, the court indicated that it agreed with the defendants' interpretation of the statute, but also questioned whether the plaintiffs could enter into recognizances for each other. It indicated at the close of argument that it would issue a decision on the basis of the papers filed by the parties.

Approximately two months later, the trial court issued an order granting the motion to dismiss. The order noted that no case law had adopted the plaintiffs' interpretation of § 52-185. The order further noted that the rules of practice and case law indicate that a plaintiff cannot enter into a recognizance for himself or herself and that only a third party may enter into a recognizance. Accordingly, the court deemed the summons

defective. On the same day that the court granted the defendants' motion to dismiss, it rendered judgment dismissing the case.

The plaintiffs appealed from the trial court's judgment to the Appellate Court and filed a motion for articulation from the trial court. The plaintiffs requested an articulation as to the standard that the trial court had applied to determine that: (1) the summons was defective; (2) the judgment of dismissal was in accord with this court's position on amendable recognizance defects; and (3) that remedial provisions—General Statutes §§ 52-123, 52-126, 52-128 and Practice Book § 8-5 (b)—did not apply.

Over the defendants' objection, the trial court issued an articulation. In response to the second and third requests, the articulation acknowledged that § 52-185 (d) and Practice Book § 8-5 (b) permit a court to order a plaintiff to file a bond to cure a defective summons, as well as the fact that a defective summons is amendable even after a motion to dismiss has been filed. See *Franchi* v. *Farmholme, Inc.*, 191 Conn. 201, 208, 464 A.2d 35 (1983). The articulation then explained: "The plaintiffs had several options under Connecticut rules of practice to correct their errors. First, the plaintiffs could have requested the remedy provided by Practice Book [§] 8-5 (b) which would have provided a period of two weeks within which time to submit a proper recognizance and bond. The plaintiffs did not, during argument, nor have they to date requested the remedy provided in Practice Book § 8-5 (b). Had the plaintiffs so requested or had [the] plaintiffs at any time filed a bond the court would have deemed the defect to have been cured. Had the plaintiff[s] filed the recognizance in proper form as required under § 52-185 and therefore cured the defective process, the court would have been able to order the clerk to treat the filing of the plaintiffs' recognizance as if the summons were amended to include same. This was the procedure which the court was prepared to follow, but the plaintiffs chose not to cure the defect, electing, rather, to maintain the position argued at short calendar for the two months that passed between the court taking the papers at short calendar and the court granting the motion to dismiss, i.e., that the same person can file an action as a plaintiff and use a different name to satisfy the recognizance requirement. Because of the plaintiffs' insistence on this threshold issue, the court was unable to reach the remedy provided by [Practice Book §] 8-5 (b). Thus, the plaintiffs' insistence regarding the identity of the party signing the recognizance precluded the court from ordering a bond to be filed within two weeks. . . . Nonetheless, had the plaintiffs acknowledged the requirement that the recognizance required the signature of a third party, the court would have then proceeded to order the plaintiffs to file a bond, thereby curing the defect as provided in Practice Book § 8-5

(b). It is unfortunate that this did not occur."

The court also opined that the plaintiffs could have filed a motion to reargue to establish their intention to cure the defective recognizance, but elected instead to pursue their appeal. The court noted that it had neglected to state in its original order that it had "always been willing" to allow the plaintiffs to cure the defect, and that it still would be willing to allow them to do so if they requested such an opportunity by way of a motion to reargue.

The Appellate Court thereafter issued a per curiam opinion summarily affirming the judgment of dismissal. *Costello* v. *Goldstein & Peck, P.C.*, supra, 155 Conn. App. 905. The plaintiffs' certified appeal to this court followed. See footnote 5 of this opinion.

The plaintiffs' argument is twofold. First, they contend that the trial court's interpretation of § 52-185 was incorrect and based on an omission of the controlling phrase referring to a plaintiff who is "not an inhabitant of this state. . . ."[7] Second, the plaintiffs claim that the trial court's articulation evidences that it improperly shifted the burden to them to seek remedial measures that they did not know existed and of which they were not informed, when the authority rested with the court. They contend that the trial court had the authority to order them to file a bond to cure the "circumstantial" defect in the summons, and had it done so, they would have complied.

We conclude that the judgment must be reversed because the trial court improperly failed to afford the plaintiffs an opportunity to file a bond before it dismissed the action in accordance with the remedial provisions under the statute and the rule of practice. We conclude that it is unnecessary to address the trial court's construction of the recognizance requirements under § 52-185 for two reasons. First, the filing of a bond, which the plaintiffs represent that they would have done had they known that they could do so to avoid dismissal, would have rendered moot any objection to the form of the recognizance and the action would have proceeded on the merits. Second, the recognizance and bond requirements of § 52-185 were substantively altered, effective October 1, 2015, after the parties had filed their briefs in this court.[8] See Public Acts 2015, No. 15-85, § 14. Accordingly, there is little value to providing guidance on the application of the repealed provision.[9]

The requirements under our statutes and rules of practice raise a question of law, to which we apply plenary review and settled rules of construction. See General Statutes § 1-2z (plain meaning rule); *Brennan* v. *Brennan Associates*, 316 Conn. 677, 684, 113 A.3d 957 (2015) (statute); *Wexler* v. *DeMaio*, 280 Conn. 168, 181–82, 905 A.2d 1196 (2006) (rule of practice); cf. *State* v. *Saucier*, 283 Conn. 207, 218, 926 A.2d 633 (2007)

(distinguishing trial court's interpretation of Code of Evidence, subject to plenary review, from court's application of correct view of law, subject to review for abuse of discretion).

Remedies for a failure to comply with the recognizance or certification requirements under § 52-185 (a) and Practice Book §§ 8-3 and 8-4; see footnotes 2 through 4 of this opinion; are respectively provided in § 52-185 (d) and Practice Book § 8-5. The statute provides in relevant part: "If there has been a failure to comply with the provisions of this section . . . the validity of the [summons] and service shall not be affected unless the failure is made a ground of a plea in abatement [currently a motion to dismiss].[10] If such plea in abatement is filed and sustained or if the plaintiff voluntarily elects to cure the defect by filing a bond, the court shall direct the plaintiff to file a bond to prosecute in the usual amount. Upon the filing of the bond, the case shall proceed in the same manner and to the same effect as to rights of attachment and in all other respects as though the failure had not occurred. . . ." (Footnote added.) General Statutes § 52-185 (d).

Practice Book § 8-5 provides in relevant part: "(a) When there has been a failure to comply with the provisions of [§§] 8-3 and 8-4; the validity of the [summons] and service shall not be affected unless the neglect is made a ground of a motion to dismiss.

"(b) If the judicial authority, upon the hearing of the motion to dismiss, directs the plaintiff to file a bond to prosecute in an amount deemed sufficient by the judicial authority, the action shall be dismissed unless the plaintiff complies with the order of the judicial authority within two weeks of such order.

"(c) Upon the filing of such bond, the case shall proceed in the same manner and to the same effect as to rights of attachment and in all other respects as though the neglect had not occurred. . . ."

In considering the scope and application of these remedial provisions, we are mindful that "[i]t is our expressed policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) *Boyles* v. *Preston*, 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002).

In accordance with this policy, we observe that it is

common practice in the Superior Court either to deny or to reserve judgment on a motion to dismiss premised on a defective recognizance and to order the plaintiffs to file a bond or to provide an opportunity to otherwise cure that defect.[11] See, e.g., *Thompson* v. *Esserman*, Superior Court, judicial district of New Haven, Docket No. CV-12-5034209-S (October 3, 2012); *Samuel* v. *Children's Advocacy Center*, Superior Court, judicial district of Hartford, Docket No. CV-10-5034917-S (July 12, 2011); *Ridgefield Bank* v. *Stones Trail, LLC*, Superior Court, judicial district of Stamford, Docket No. CV-02-0188226-S (April 2, 2003); *Quinones* v. *Armstrong*, Superior Court, judicial district of Hartford, Docket No. CV-02-0816230 (November 21, 2002); *Loughery* v. *Commissioner of Correction*, Superior Court, judicial district of Hartford, Docket No. CV-01-0812161-S (July 9, 2002); *Greenview Associates* v. *Milford*, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV-92-039982-S (January 11, 1993).

The defendants contend, however, that the trial court has discretion whether to order the posting of a bond. Specifically, they posit that the statute and the rule of practice are in conflict, because the former mandates that the court order the posting of a bond when there has been a failure to enter into a valid recognizance or provide a certification of financial responsibility, whereas the latter vests the court with discretion to make such an order. They further contend that the rule of practice trumps the statute when such a conflict exists. We conclude that, even assuming without deciding that the defendants are correct as to each of these points, the trial court nonetheless plainly abused its discretion.

"While it is normally true that this court will refrain from interfering with a trial court's exercise of discretion . . . this presupposes that the trial court did in fact exercise its discretion. [D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 239, 654 A.2d 342 (1995). "[T]he court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 16, 776 A.2d 1115 (2001). Whether the trial court failed to exercise discretion because it concluded that it was compelled to act in a particular fashion is a matter to which we apply plenary review. See *Wichers* v. *Hatch*, 252 Conn. 174, 181–82, 745 A.2d 789 (2000).

The trial court's articulation reflects its belief that it

had no authority to act in the absence of an admission by the plaintiffs that the summons was defective or a request by them to file a bond. The articulation stated in relevant part: "Because of the plaintiffs' insistence on this threshold issue [that the recognizance was proper], the court was *unable* to reach the remedy provided by [Practice Book §] 8-5 (b). Thus, the plaintiffs' insistence regarding the identity of the party signing the recognizance *precluded* the court from ordering a bond to be filed within two weeks." (Emphasis added.) Neither the statute nor the rule of practice, however, imposes any such restraint. As such, the court's failure to recognize its authority to act constituted an abuse of discretion. See *State* v. *Lee*, 229 Conn. 60, 73–74, 640 A.2d 553 (1994) ("[i]n the discretionary realm, it is improper for the trial court to fail to exercise its discretion"); *State* v. *Martin*, 201 Conn. 74, 88, 513 A.2d 116 (1986) ("[w]here, as here, the trial court is properly called upon to exercise its discretion, its failure to do so is error").

To the extent that the trial court's articulation could be interpreted to suggest that it believed that an order to file a bond before dismissing the action would have been futile, as the defendants contend, there is simply no basis in the record to support such a belief. At oral argument on the motion to dismiss, the plaintiffs undoubtedly were unequivocal that the recognizance complied with the requirements under the statute and rules of practice. They never stated, however, that they would be unwilling to cure a defect should one be determined to exist that would require dismissal of the action. Although the plaintiffs did not request, in the alternative, an opportunity to cure should the court conclude that dismissal was required, the failure to make such a request cannot reasonably be equated with a refusal to comply with an order of the court to undertake some action to cure the defect.[12] Cf. *Royster* v. *Crown Towing*, Superior Court, judicial district of New Haven, Docket No. CV-11-5033931-S (December 21, 2011) (plaintiffs repeatedly asked for extensions of time to correct defective recognizance and repeatedly failed to cure). At no time during that argument did the court raise the subject of bond or any other cure, which is in tension with this court's repeated guidance that "[t]his court has always been solicitous of the rights of [self-represented] litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." *Conservation Commission* v. *Price*, 193 Conn. 414, 421 n.4, 479 A.2d 187 (1984); accord *New Haven* v. *Bonner*, 272 Conn. 489, 497–98, 863 A.2d 680 (2005); *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 519, 370 A.2d 1306 (1976).

Additionally, the trial court's statements during that hearing did not give the plaintiffs clear notice that the

court had concluded that dismissal was required. To the contrary, although the court expressed a view that Dorothy Costello could not enter into a recognizance for herself, it questioned whether the plaintiffs could enter into recognizances for each other. The court did not issue an oral ruling, instead indicating that a decision would be forthcoming that would be decided on the basis of the parties' submissions to the court. Indeed, because the statute contemplates that the trial court will order a bond to be filed after a plea in abatement (motion to dismiss) has been "filed *and sustained*"; (emphasis added) General Statutes § 52-185 (d); the plaintiffs reasonably could have believed that a ruling on the motion to dismiss would not require judgment to be immediately rendered dismissing the action. Accordingly, any assumption that it would have been futile to order the plaintiffs to file a bond would have been speculative. Consequently, declining to issue such an order on this basis also would have been an abuse of discretion.

Notably, the articulation unambiguously indicated that the court would have allowed the plaintiffs to file a bond if they were willing to do so. Because the plaintiffs have represented to this court that they had been willing to file a bond to avoid dismissal of their action, we conclude that the case should be remanded to the trial court to afford them that opportunity. On remand, the parties are free to address to what extent, if any, the recent amendments to § 52-185 bear on the plaintiffs' obligations, a matter that was not addressed before this court. See footnote 8 of this opinion.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

[1] "A recognizance is an obligation acknowledged before some court for a certain sum, with condition that the plaintiff shall prosecute a suit pending in court, or for the prosecution of an appeal. . . . A recognizance is in effect a bond as to its obligation. . . . It imports an acknowledgment. . . . Personal appearance is essential to an oral acknowledgment." (Citations omitted; internal quotation marks omitted.) *Palmer* v. *Des Reis*, 136 Conn. 232, 233, 70 A.2d 141 (1949). The purpose of the recognizance is to ensure "that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him." General Statutes § 52-185 (a).

[2] General Statutes § 52-185 (a) provides: "If the plaintiff in any civil action is not an inhabitant of this state, or if it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him. The recognizance shall not be discharged by any amendment or alteration of the process between the time of signing and of serving it."

Section 52-185 was substantively amended effective October 1, 2015. Public Acts 2015, No. 15-85, § 14. Unless otherwise indicated, we refer in this opinion to the 2015 revision of the statute.

<sup></sup>3 Practice Book § 8-3, titled "Bond for Prosecution," essentially mirrors § 52-185 (a). See footnote 2 of this opinion.

<sup></sup>4 Practice Book § 8-4, titled "Certification of Financial Responsibility," provides in relevant part: "(a) . . . [I]n all actions wherein costs may be taxed against the plaintiff, no mesne process shall be issued until the recognizance of a third party for costs has been taken, unless the authority signing the [summons] shall certify thereon that he or she has personal knowledge as to the financial responsibility of the plaintiff and deems it sufficient. . . ."

<sup></sup>5 We granted the plaintiff's petition for certification limited to the following issue: "Did the Appellate Court properly affirm the trial court's dismissal of the complaint for failure to comply with . . . § 52-185?" *Costello* v. *Goldstein & Peck*, *P.C.*, 316 Conn. 916, 113 A.3d 71 (2015).

<sup></sup>6 The record reflects an appearance filed by James T. Costello on behalf of himself. In response to questions at oral argument before this court, Dorothy Costello represented that she also had filed an appearance. Our review of the record reveals no such appearance. Nonetheless, the defendants argued that she should be deemed a party for purposes of the recognizance because she always had held herself out as such, including before this court. For purposes of this opinion, we assume, without deciding, that Dorothy Costello is a party plaintiff to this case.

<sup></sup>7 The plaintiffs also argue that the defendants waived their right to challenge the trial court's jurisdiction over them by filing a general appearance, a motion for an extension of time, and an objection to the plaintiffs' motion to transfer venue. We decline to address this issue because the plaintiffs did not raise it before the trial court or the Appellate Court. See *Southport Congregational Church–United Church of Christ* v. *Hadley*, 320 Conn. 103, 119 n.21, 128 A.3d 478 (2016).

<sup></sup>8 General Statutes (Supp. 2016) § 52-185 provides in relevant part: "(a) No bond or recognizance for prosecution is required from a party in any civil action unless the judicial authority, upon motion and for good cause shown, finds that a party is not able to pay the costs of the action and orders that the party give a sufficient bond or enter into a recognizance to an adverse party with a financially responsible person to pay taxable costs. . . .

"(d) Any party failing to comply with an order of the judicial authority to give sufficient bond or recognizance may be nonsuited or defaulted."

We note that the corresponding rules of practice have not yet been amended to conform to this change. See Practice Book §§ 8-3 through 8-5; see generally *Harnage* v. *Lightner*, 163 Conn. App. 337, 361 and n.16, A.3d (2016) (discussing legislative intent and quoting Judiciary Committee testimony of Honorable Patrick L. Carroll III, then deputy chief court administrator, in support of amendment limiting circumstances under which recognizance is required in which he stated that recognizance bond "unnecessarily increases the burden on self-represented [plaintiffs] . . . and does not provide any realistic security for costs of an action" [internal quotation marks omitted]).

<sup></sup>9 We feel compelled to note, however, that the record does not support the plaintiffs' serious accusation that the defendants intentionally misrepresented the text of § 52-185 (a) in order to mislead the trial court by omitting the introductory, and, in the plaintiffs' view controlling, phrase: "If the plaintiff in any civil action is not an inhabitant of this state, or . . . ." The defendants' memorandum of law in support of their motion to dismiss properly indicated that they had omitted text from the beginning of § 52-185 (a) by quoting it in relevant part as follows: "[I]f it does not appear to the authority signing the process . . . ." This approach conforms to the standard practice of legal citation, which directs that: "An ellipsis should never be used to begin a quotation . . . . Where the beginning of the quoted sentence is being omitted, capitalize the first letter of the quoted language and place it in brackets if it is not already capitalized . . . ." The Bluebook: A Uniform System of Citation (20th Ed. 2015) § 5.3, p. 85. During oral argument to the trial court, the defendants acknowledged, on three occasions, the language on which the plaintiffs relied and explained why they believed it did not control.

<sup></sup>10 "A motion to dismiss . . . has replaced the plea in abatement as the vehicle for challenging the court's jurisdiction . . . ." *Concept Associates*, *Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 625, 642 A.2d 1186 (1994).

<sup></sup>11 Although the trial court's articulation cited a few Superior Court cases in which a motion to dismiss was granted without providing an opportunity to cure, we agree with Judge Devine's assessment of the case law: "While some courts have immediately dismissed complaints for such failure . . . many others have granted the plaintiff two weeks to file recognizance before

dismissal. . . . The latter approach seems more faithful to the Practice Book." (Citations omitted.) *Traylor* v. *State*, Superior Court, judicial district of New London, Docket No. CV-13-5014624-S (January 9, 2014).

[12] Although the trial court's articulation cited the plaintiffs' decision to appeal rather than file a motion to reargue, the plaintiffs' appeal could not have played any role in the trial court's assessment of whether to order the plaintiffs to file a bond prior to granting the motion to dismiss and rendering judgment thereon. Similarly, we disagree with the defendants' reliance on the fact that the articulation indicated that the court was amenable to allowing them to cure the defect even after they had appealed if they filed a motion to reargue and asserted therein their intention to cure the defect. This aspect of the articulation reinforces the view that the trial court improperly believed that a request by the plaintiffs to cure was a condition precedent to its ability to order the plaintiffs to file a bond.

--------------------------------------